# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, by | :    CIVIL ACTION |
| | : |
| Attorney General KATHLEEN G. KANE, | : |
| | : |
| *Plaintiff,* | :    NO. 14-cv-07139-JCJ |
| | : |
| v. | : |
| | : |
| THINK FINANCE, INC., et al., | : |
| | : |
| *Defendants.* | : |

**DEFENDANTS THINK FINANCE, INC., TC LOAN SERVICE, LLC, TAILWIND MARKETING, LLC, TC DECISION SCIENCES, LLC, AND FINANCIAL U, LLC'S <u>ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Ira Neil Richards (PA I.D. No. 50879)
Stephen A. Fogdall (PA I.D. No. 87444)
Arleigh P. Helfer III (PA I.D. No. 84427)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market St., Suite 3600
Philadelphia, PA 19103
(215) 751-2503
Email: irichards@schnader.com

James R. McGuire (*Pro hac vice*)
Angela E. Kleine (*Pro hac vice*)
Elizabeth Balassone (*Pro hac vice*)
Lauren Wroblewski (*Pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
Email: jmcguire@mofo.com

Walter W. Cohen (PA I.D. 12097)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
200 Locust Street, Suite 400
Harrisburg, PA 17101-1508
(717) 234-9730
Email: walter.cohen@obermayer.com

Defendants Think Finance, Inc., TC Loan Service, LLC, Tailwind Marketing, LLC, TC Decision Sciences, LLC, and Financial U, LLC ("Think Defendants"), by and through their undersigned counsel, hereby answer the allegations in the First Amended Complaint ("FAC"), dated July 2, 2016. Any and all allegations not specifically admitted herein are denied. To the extent the FAC asserts legal contentions, such legal contentions require no response in this Answer. To the extent any response is required to headings or other unnumbered paragraphs in the FAC, the Think Defendants deny the factual allegations, if any, contained in such headings or other unnumbered paragraphs. This answer is solely on behalf of the Think Defendants as defined herein. To the extent allegations in the FAC are directed at the "Think Finance Defendants," the Think Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations to the extent they relate to any other defendant, and on that basis deny such allegations as to any such other defendant.

1.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 1 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 1 of the FAC.

2.      The Think Defendants deny the allegations contained in paragraph 2 of the FAC.

3.      The Think Defendants deny the allegations contained in paragraph 3 of the FAC.

4.      The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of whether Selling Source, LLC, and PartnerWeekly, LLC, d/b/a MoneyMutual.com generate leads over the Internet for high-rate lenders, and otherwise deny the allegations contained in paragraph 4 of the FAC.

5.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 5 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the

allegations contained in paragraph 5 of the FAC.

6.      The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6 of the FAC.  The Think Defendants deny the allegations contained in the second and third sentences of paragraph 6 of the FAC.

7.      The Think Defendants deny the allegations contained in paragraph 7 of the FAC.

8.      The Think Defendants admit that Attorney General Kathleen G. Kane is the Plaintiff, and purports to bring this case on behalf of the Commonwealth of Pennsylvania, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the FAC.

9.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 9 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 9 of the FAC.

10.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 10 of the FAC state conclusions of law, no response thereto is required.

11.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 11 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 11 of the FAC.

12.      The Think Defendants admit that Think Finance, Inc. ("Think Finance") is a Delaware corporation headquartered at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109, formerly had the name ThinkCash, and is not registered with the Pennsylvania Department of State Corporation Bureau.

13.      The Think Defendants admit that TC Loan Service, LLC ("TC Loan Service") is a

Delaware limited liability company, is located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109, and was licensed in Pennsylvania as a "credit services" licensee from December 29, 2010 to February 1, 2012. The Think Defendants otherwise deny the allegations contained in paragraph 13 of the FAC.

14. The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the FAC.

15. The Think Defendants admit that Tailwind Marketing, LLC ("Tailwind") is a Delaware limited liability company, located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109, and not registered with the Pennsylvania Department of State Corporation Bureau.

16. The Think Defendants admit that TC Decision Sciences, LLC ("TC Decision") is a Delaware limited liability company, located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109, and not registered with the Pennsylvania Department of State Corporation Bureau.

17. The Think Defendants admit that Financial U, LLC ("Financial U") is a Delaware limited liability company, located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109, and not registered with the Pennsylvania Department of State Corporation Bureau.

18. The Think Defendants admit that Kenneth E. Rees was formerly the President and Chief Executive Officer of Think Finance and served as Chairman of the Board, and deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding Mr. Rees's residency. The Think Defendants further state that to the extent paragraph 18 purports to rely on the contents of the records of the Texas Secretary of State, the Think Finance Defendants respectfully refer this Court to the language of the records for their full terms, and state that the records speak for themselves. The Think Defendants otherwise deny the allegations contained in paragraph 18 of the FAC.

19.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 19 of the FAC.  The Think Defendants further state that insofar as Plaintiff's allegations in the second sentence of paragraph 19 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in the second sentence of paragraph 19 of the FAC.

20.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the FAC.

21.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the FAC.

22.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 22 of the FAC state conclusions of law, no response thereto is required.

23.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 23 of the FAC state conclusions of law, no response thereto is required.

24.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 24 of the FAC state conclusions of law, no response thereto is required.

25.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 25 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 25 of the FAC.

26.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 26 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 26 of the FAC.

27.     To the extent paragraph 27 of the FAC purports to rely on a July 26, 2008 Pennsylvania Department of Banking notice, the Think Defendants respectfully refer this Court

to the language of that notice for its full terms and legal effects, state that the notice speaks for itself, and otherwise deny the allegations contained in paragraph 27 of the FAC.

28.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 28 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 28 of the FAC.

29.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 29 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 29 of the FAC.

30.     The Think Defendants admit that they are not currently licensed under the CDCA, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 to the extent they apply to other defendants, state that insofar as Plaintiff's allegations in paragraph 30 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 30 of the FAC.

31.     The Think Defendants admit that prior to 2010, Think Finance was known as ThinkCash, Inc.

32.     The Think Defendants admit that PayDay One Holding, LLC, was formed in or around 2001 as a lender that operated over the Internet making short-term loans.  The Think Defendants otherwise deny the allegations contained in paragraph 32 of the FAC.

33.     The Think Defendants deny the allegations contained in paragraph 33 of the FAC.

34.     The Think Defendants state that insofar as Plaintiff's allegations in the first sentence of paragraph 34 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in the first sentence of paragraph 34 of the FAC. To the extent the second sentence of paragraph 34 purports to rely on the contents of the FDIC's

"Guidelines for Payday Lending, FIL-14-2005," the Think Defendants respectfully refer this Court to the language of those guidelines for their full terms, state that the guidelines speak for themselves, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the FAC.

35.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the FAC.

36.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 36 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 36 of the FAC.

37.    The Think Defendants admit that Tailwind received fees from First Bank of Delaware ("FBD") for marketing services and that TC Decision received fees from FBD for website and other technological services.  The Think Defendants otherwise deny the allegations contained in paragraph 37 of the FAC.

38.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 38 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 38 of the FAC.

39.    The Think Defendants state that insofar as Plaintiff's allegations in the first sentence of paragraph 39 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in the first sentence of paragraph 39 of the FAC. To the extent the second sentence of paragraph 39 of the FAC purports to rely on the contents of emails from ThinkCash by First Bank of Delaware, the Think Defendants respectfully refer this Court to the content of the emails for their full terms, state that the emails speak for themselves, and otherwise deny the allegations contained in the second sentence of paragraph 39 of the FAC.

40.     To the extent paragraph 40 of the FAC purports to rely on the contents of emails from PayDay One, LLC, the Think Defendants respectfully refer this Court to the language of the emails for their full terms and state that the emails speak for themselves.  The Think Defendants further state that insofar as Plaintiff's allegations in paragraph 40 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 40 of the FAC.

41.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the FAC.

42.     The Think Defendants deny the allegations contained in paragraph 42 of the FAC.

43.     The Think Defendants deny the allegations contained in paragraph 43 of the FAC.

44.     The Think Defendants deny the allegations contained in paragraph 44 of the FAC.

45.     To the extent paragraph 45 of the FAC purports to rely on the contents of the article "Payday Lenders and Indians Evading Laws Draw Scrutiny," the Think Defendants respectfully refer this Court to the language of that article for its full terms, state that the article speaks for itself, and otherwise deny the allegations contained in paragraph 45 of the FAC.

46.     The Think Defendants deny the allegations contained in paragraph 46 of the FAC.

47.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 47 of the FAC state conclusions of law, no response thereto is required.  To the extent a response is required, the Think Defendants admit that certain Think Defendants provided services to the Tribal Lenders, including marketing, website, and technology services.  The Think Defendants otherwise deny the allegations contained in paragraph 47 of the FAC.

48.     The Think Defendants admit that Tailwind charges the Tribal Lenders per-loan fees for marketing services and that TC Decision receives fees from the Tribal Lenders in connection

with servicing and technology services. The Think Defendants otherwise deny the allegations contained in paragraph 48 of the FAC.

49. To the extent paragraph 49 of the FAC purports to rely on the Plain Green, Great Plains Lending, and MobiLoans websites, the Think Defendants respectfully refer this Court to the content of those websites for their full terms, state that the websites speak for themselves, and otherwise deny the allegations contained in paragraph 49 of the FAC.

50. The Think Defendants deny the allegations contained in paragraph 50 of the FAC.

51. The Think Defendants deny the allegations contained in paragraph 51 of the FAC.

52. To the extent paragraph 52 of the FAC purports to rely on the contents of the online feature "Dallas Entrepreneurs of the Year 2012," the Think Defendants respectfully refer this Court to the language of that feature for its full terms, state that the feature speaks for itself, and otherwise deny the allegations contained in paragraph 52 of the FAC.

53. To the extent paragraph 53 of the FAC purports to rely on the contents of the term sheet, the Think Defendants respectfully refer this Court to the language of the term sheet for its full terms, state that the term sheet speaks for itself, and otherwise deny the allegations contained in paragraph 53 of the FAC.

54. To the extent paragraph 54 of the FAC purports to rely on the contents of the term sheet, the Think Defendants respectfully refer this Court to the language of the term sheet for its full terms, state that the term sheet speaks for itself, and otherwise deny the allegations contained in paragraph 54 of the FAC.

55. The Think Defendants deny the allegations contained in paragraph 55 of the FAC.

56. The Think Defendants admit that Tailwind designed the Plain Green website so that existing ThinkCash customers visiting the ThinkCash website at www.thinkcash.com would be

routed automatically to the Plain Green website, www.plaingreenloans.com, recognized as an existing customer, able to log into their account and, if they wished, could obtain new loans. To the extent paragraph 56 of the FAC purports to rely on the contents of a printout of the www.thinkcash.com website, the Think Defendants respectfully refer this Court to the printout for its full terms, state that the printout speaks for itself, and otherwise deny the allegations contained in paragraph 56 of the FAC.

57.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 57 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 57 of the FAC.

58.    To the extent paragraph 58 of the FAC purports to rely on the contents of a sample Plain Green loan agreement and the Plain Green "Loan Cost and Terms" webpage, the Think Defendants respectfully refer this Court to those sources for their full terms, state that the sources speak for themselves, and otherwise deny the allegations contained in paragraph 58 of the FAC.

59.    To the extent paragraph 59 of the FAC purports to rely on the contents of a sample Plain Green loan agreement, the Think Defendants respectfully refer this Court to the language of the sample loan agreement for its full terms, state that the sample loan agreement speaks for itself, and otherwise deny the allegations contained in paragraph 59 of the FAC.

60.    The Think Defendants admit that Tailwind created a website for Great Plains Lending, and otherwise deny the allegations contained in the first sentence of paragraph 60 of the FAC. To the extent the remaining sentences of paragraph 60 of the FAC purport to rely on the contents of a sample Great Plains Lending loan agreement and the Great Plains "Loan Cost and Terms" webpage, the Think Defendants respectfully refer this Court to those sources for their full terms, state that the sources speak for themselves, and otherwise deny the allegations

contained in the remaining sentences of paragraph 60 of the FAC.

61.     To the extent paragraph 61 of the FAC purports to rely on the contents of a sample Great Plains loan agreement, the Think Defendants respectfully refer this Court to the language of the loan agreement for its full terms, state that the loan agreement speaks for itself, and otherwise deny the allegations contained in paragraph 61 of the FAC.

62.     To the extent paragraph 62 of the FAC purports to rely on the contents of the sample Plain Green and Great Plains loan agreements, the Think Defendants respectfully refer this Court to the language of the loan agreements for their full terms, state that the loan agreements speak for themselves, and otherwise deny the allegations contained in paragraph 62 of the FAC.

63.     The Think Defendants admit that Mobiloans offers an ongoing "line of credit."  To the extent paragraph 63 of the FAC purports to rely on the contents of the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the website for its full terms, state that the website speaks for itself, and otherwise deny the allegations contained in paragraph 63 of the FAC.

64.     To the extent paragraph 64 of the FAC purports to rely on the contents of the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the website for its full terms, state that the website speaks for itself, and otherwise deny the allegations contained in paragraph 64 of the FAC.

65.     To the extent paragraph 65 of the FAC purports to rely on the contents of the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the website for its full terms, state that the website speaks for itself, and otherwise deny the allegations contained in paragraph 65 of the FAC.

66.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 66 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 66 of the FAC.

67.     To the extent paragraph 67 of the FAC purports to rely on the contents of an account statement and the "MobiLoans Credit Agreement and Terms and Conditions," the Think Defendants respectfully refer this Court to the language of those documents for their full terms, state that the documents speak for themselves, and otherwise deny the allegations contained in paragraph 67 of the FAC.

68.     To the extent paragraph 68 of the FAC purports to rely on the contents of the "MobiLoans Credit Agreement and Terms and Conditions," the Think Defendants respectfully refer this Court to the language of that document for its full terms, state that the document speaks for itself, and otherwise deny the allegations contained in paragraph 68 of the FAC.

69.     The Think Defendants admit that Pennsylvania consumers entered into consumer credit contracts with Plain Green, Great Plains Lending, and MobiLoans, and otherwise deny the allegations contained in paragraph 69 of the FAC.

70.     The Think Defendants admit that until mid-2013 some certain subsidiaries of PayDay One, LLC, offered loans to some consumers in some states.  The Think Defendants further admit that until May 1, 2014, some certain subsidiaries of Think Finance offered loans to some consumers in some states.  The Think Defendants further state that to the extent paragraph 70 of the FAC purports to rely on a printout from the Rise webpage, the Think Defendants respectfully refer this Court to the contents of the printout for its full terms, state that the printout speaks for itself, and otherwise deny the allegations contained in paragraph 70 of the FAC.

71.     The Think Defendants admit that Pennsylvania consumers can access the Plain

Green, Great Plains Lending, and MobiLoans websites.

72. To the extent paragraph 72 of the FAC purports to rely on printouts from the Think Finance LinkedIn page and the Think Finance United Kingdom website, the Think Defendants respectfully refer this Court to the contents of those printouts for their full terms, state that the printouts speak for themselves, and otherwise deny the allegations contained in paragraph 72 of the FAC.

73. The Think Defendants admit that Think Finance restructured on May 1, 2014, at which time it spun off its portfolio of branded consumer lending products, that after the spin off Elevate owned those products while Think Finance remained focused on providing analytics, marketing, and technology services to third-party lenders.

74. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 74 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 74 of the FAC.

75. The Think Defendants admit that the majority of payments received by the Tribal Lenders are, with the advance approval and direction from consumers, debited from the consumers' bank accounts via electronic debits processed through the ACH system. The Think Defendants further admit that certain Think Defendants facilitated the Tribal Lenders' access to the ACH system.

76. The Think Defendants admit that certain Think Defendants facilitated generating lists of loans and identifying service providers.

77. The Think Defendants admit that Plain Green, Great Plains Lending, and MobiLoans stopped accepting loans from new Pennsylvania consumers on November 13, 2014, and otherwise deny the allegations contained in paragraph 77 of the FAC.

78.     The Think Defendants admit that Pennsylvania consumers are facing ongoing collection of consumer debt owed to the Tribal Lenders.  The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 78 of the FAC.

79.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 79 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 79 of the FAC.

80.     The Think Defendants admit that Pennsylvania consumers can access the Plain Green, Great Plains Lending, and MobiLoans websites, and that those consumers are not informed that they cannot obtain credit until after they enter information including social security number, driver license, and bank account information.

81.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the FAC.

82.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 82 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 82 of the FAC.

83.     To the extent paragraph 83 of the FAC purports to rely on the Privacy Policy on the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the Privacy Policy for its full terms, state that the Privacy Policy speaks for itself, and otherwise deny the allegations contained in paragraph 83 of the FAC.

84.     To the extent paragraph 84 of the FAC purports to rely on a direct mail solicitation, the Think Defendants respectfully refer this Court to the language of the solicitation for its full terms, state that the solicitation speaks for itself, and otherwise deny the allegations contained in

paragraph 84 of the FAC.

85. The Think Defendants admit that MoneyMutual.com was a lead generator for Great Plains Lending for a limited period of time. The Think Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the FAC.

86. To the extent paragraph 86 of the FAC purports to rely on the contents of the FDIC's October 2008 cease and desist order, the Think Defendants respectfully refer this Court to the language of that order for its full terms and legal effects, state that the order speaks for itself, and otherwise deny the allegations contained in paragraph 86 of the FAC.

87. To the extent paragraph 87 of the FAC purports to rely on the contents of the February 2011 Consent Agreement and Order between the Selling Source Defendants and the Banking Department, the Think Defendants respectfully refer this Court to the language of that order for its full terms and legal effects and state that the order speaks for itself. The Think Defendants further state that insofar as Plaintiff's allegations in paragraph 87 state conclusions of law, no response thereto is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88. To the extent paragraph 88 of the FAC purports to rely on the contents of the MoneyMutual website, the Think Defendants respectfully refer this Court to the contents of that website for its full terms, state that the website speaks for itself, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89. To the extent paragraph 89 of the FAC purports to rely on the contents of the MoneyMutual website, the Think Defendants respectfully refer this Court to the contents of that

website for its full terms, state that the website speaks for itself, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.  The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the FAC.

**Claims for Relief**

*COUNT ONE*
**(Against the Think Finance Defendants)**
**(Violations of Corrupt Organizations Act, 18 Pa. C.S.A. § 911(b)(1))**

91.  The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

92.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 92 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 92 of the FAC.

93.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 93 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 93 of the FAC.

94.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 94 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 94 of the FAC.

95.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 95 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 95 of the FAC.

96.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 96 of

the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 96 of the FAC.

97. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 97 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 97 of the FAC.

98. The Think Defendants deny the allegations contained in paragraph 98 of the FAC.

99. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 99 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 99 of the FAC.

100. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 100 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 100 of the FAC.

101. To the extent paragraph 101 of the FAC purports to rely on the contents of 18 Pa. C.S.A. § 91l(c), the Think Defendants respectfully refer this Court to the language of that statute for its full terms and legal effect, state that the statute speaks for itself, admit that Plaintiff seeks the requested relief, and otherwise deny the allegations contained in paragraph 101.

### COUNT TWO
### (Against the Think Finance Defendants)
### (Violations of Corrupt Organizations Act, 18 Pa. C.S.A. § 911(b)(3))

102. The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

103. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 103 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 103 of the FAC.

104. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 104 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 104 of the FAC.

105. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 105 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 105 of the FAC.

106. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 106 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 106 of the FAC.

107. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 107 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 107 of the FAC.

108. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 108 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 108 of the FAC.

109. To the extent paragraph 109 of the FAC purports to rely on the contents of 18 Pa. C.S.A. § 91 l(c), the Think Defendants respectfully refer this Court to the language of that statute for its full terms and legal effect, state that the statute speaks for itself, admit that Plaintiff seeks the requested relief, and otherwise deny the allegations contained in paragraph 109.

### COUNT THREE
**(Against the Think Finance Defendants)**
**(Violations of Corrupt Organizations Act, 18 Pa. C.S.A. § 911(b)(4))**

110. The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

111.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 111 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 111 of the FAC.

112.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 112 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 112 of the FAC.

113.  The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the FAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 113 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 113.

114.  The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the FAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 114 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 114.

115.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 115 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 115 of the FAC.

116.  To the extent paragraph 116 of the FAC purports to rely on the contents of 18 Pa. C.S.A. § 91l(c), the Think Defendants respectfully refer this Court to the language of that statute

for its full terms and legal effect, state that the statute speaks for itself, admit that Plaintiff seeks the requested relief, and otherwise deny the allegations contained in paragraph 116.

### *COUNT FOUR*
**(Against the Think Finance Defendants and NCA)**
**(Violations of FCEUA and the Consumer Protection Law for Collecting Illegal Interest)**

117.  The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

118.  The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the FAC that relate to other defendants and on that basis deny such allegations. The Think Defendants deny the allegations of Paragraph 118 of the FAC to the extent that they are directed at the Think Defendants**.**

119.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 119 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 119 of the FAC.

120.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 120 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 120 of the FAC.

121.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 121 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 121 of the FAC.

122.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 122 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 122 of the FAC.

123.  The Think Defendants state that insofar as Plaintiff's allegations in paragraph 123

of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 123 of the FAC.

124. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 124 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 124 of the FAC.

125. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 125 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 125 of the FAC.

126. The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the FAC that relate to other defendants and on that basis deny such allegations. To the extent the allegations in paragraph 126 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 126.

### COUNT FIVE
**(Against All Defendants)**
**(Additional Violations of the Consumer Protection Law for Misrepresentation and Deception)**

127. The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

128. The Think Defendants deny the allegations contained in paragraph 128 of the FAC.

129. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 129 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 129 of the FAC.

130. The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the FAC that relate to other

defendants and on that basis deny such allegations. To the extent the allegations in paragraph 130 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 130.

131. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 131 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 131 of the FAC.

132. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 132 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 132 of the FAC.

133. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 133 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 133 of the FAC.

134. The Think Defendants admit that Pennsylvania consumers can access the Plain Green, Great Plains Lending, and MobiLoans websites, and that those consumers are not informed that they cannot obtain credit until after they enter information including social security number, driver license number, and bank account information.

135. The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the FAC that relate to other defendants and on that basis deny such allegations. To the extent the allegations in paragraph 135 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 135.

136. The Think Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 136 of the FAC that relate to other defendants and on that basis denies such allegations. To the extent the allegations in paragraph 136 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 136.

137. The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the FAC that relate to other defendants and on that basis deny such allegations. To the extent the allegations in paragraph 137 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 137.

138. The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the FAC that relate to other defendants and on that basis deny such allegations. To the extent the allegations in paragraph 138 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 138.

139. The Think Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the FAC that relate to other defendants and on that basis deny such allegations. To the extent the allegations in paragraph 139 are directed at the Think Defendants, the Think Defendants state that they are legal conclusions to which no response is required, and otherwise deny the allegations in paragraph 139.

140. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 140 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 140 of the FAC.

141. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 141 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 141 of the FAC.

142. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 142 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 142 of the FAC.

## COUNT SIX
### (Against the Think Finance Defendants only)
### (Violations of the Dodd-Frank Act)

143. The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

144. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 144 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 144 of the FAC.

145. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 145 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 145 of the FAC.

146. To the extent paragraph 146 of the FAC purports to rely on 15 U.S.C. § 1693k and Regulation E, the Think Defendants respectfully refer this Court to the language of those sources for their full terms and legal effect, and state that the statute and regulation speak for themselves. The Think Defendants further state that insofar as Plaintiff's allegations in paragraph 146 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 146 of the FAC.

147. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 147

of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 147 of the FAC.

148. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 148 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 148 of the FAC.

149. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 149 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 149 of the FAC.

150. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 150 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 150 of the FAC.

151. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 151 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 151 of the FAC.

152. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 152 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 152 of the FAC.

153. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 153 of the FAC state conclusions of law, no response thereto is required, and otherwise deny the allegations contained in paragraph 153 of the FAC.

## PLAINTIFF'S PRAYER

The Think Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief that appears on pages 41 and 42 of the FAC.

## GENERAL DENIAL

154.  The Think Defendants deny each and every allegation not expressly admitted herein.

155.  The Think Defendants deny that they are liable to Plaintiff on any basis or in any amount.

## AFFIRMATIVE DEFENSES

The Think Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed preparation for trial.  The affirmative defenses asserted herein are based on the Think Defendants' knowledge, information, and belief at this time, and the Think Defendants specifically reserve the right to modify, amend, or supplement any affirmative defenses contained herein at any time.  The Think Defendants reserve the right to assert additional defenses as information is gathered through discovery and investigation.  In asserting these defenses, the Think Defendants do not allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters, and do not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

Subject to the preceding qualifications, the Think Defendants allege the following additional separate and affirmative defenses to the FAC:

## FIRST AFFIRMATIVE DEFENSE

The FAC, and each and every purported claim contained therein, fails to state facts sufficient to constitute a claim against the Think Defendants.

## SECOND AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law.

### FOURTH AFFIRMATIVE DEFENSE

The FAC fails to join indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the equitable doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because there is no actual, factual, legal, or proximate causal connection between the alleged injuries or damages to Pennsylvania borrowers, if any, and any act or omission of the Think Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because the alleged injuries or damage to the Pennsylvania borrowers, if any, were caused wholly or in part by the conduct, negligent acts or omissions, and/or fault of third parties or entities other than the Think Defendants, and the liability of the Think Defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to the Think Defendants.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based on the acts of third parties, such acts cannot be imputed to the Think Defendants under any vicarious liability theory.

### TENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because the Think Defendants, in good faith, acted in compliance with all applicable laws, statutes, and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because the Pennsylvania borrowers of the loans Plaintiff claims to be "illegal," through express or implied agreements, and/or through their conduct, consented to the conduct or alleged injuries about which Plaintiff now complains.

### TWELFTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because the rates of interest on the loans Plaintiff claims to be "illegal" are expressly authorized by the agreement creating the debt and are permitted by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Pennsylvania borrowers of the loans Plaintiff claims to be "illegal" have outstanding obligations to Defendant, Plaintiff's claims are barred or reduced.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Think Defendants were not unjustly enriched by the Pennsylvania borrowers of the loans Plaintiff claims to be "illegal," and thus have no obligation to provide restitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Think Defendants allege on information and belief that the Pennsylvania borrowers of the loans Plaintiff claims to be "illegal," had, and continue to have, the ability and opportunity to mitigate the damages alleged in the FAC, and have failed to act reasonably to mitigate such damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, because the Think Defendants did not make any

misrepresentations or omit to state any material information.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's state-law claims are barred by 71 P.S. § 733-506.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims attorney's fees under any statute, the Think Defendants

reserve the right to assert any and all other defenses to those claims.

## PRAYER

WHEREFORE, the Think Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the FAC;

2. That the Court dismiss the FAC against the Think Defendants with prejudice;

3. That the Think Defendants be awarded their costs of suit incurred in defense of this

   action; and

4. For such other relief as the Court deems just and proper.


Dated: February 4, 2016

/s/ Ira N. Richards
Ira Neil Richards (PA I.D. No. 50879)
Stephen A. Fogdall (PA I.D. No. 87444)
Arleigh P. Helfer III (PA I.D. No. 84427)
Schnader Harrison Segal & Lewis LLP
1600 Market St., Suite 3600
Philadelphia, PA 19103
(215)751-2503
irichards@schnader.com
sfogdall@schnader.com
ahelfer@schnader.com

James R. McGuire (*Pro hac vice*)
Angela E. Kleine (*Pro hac vice*)
Elizabeth Balassone (*Pro hac vice*)
Lauren Wroblewski (*Pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000
jmcguire@mofo.com
akleine@mofo.com
ebalassone@mofo.com
lwroblewski@mofo.com

Walter W. Cohen (PA I.D. 12097)
Obermayer Rebmann Maxwell & Hippel LLP
200 Locust Street, Suite 400
Harrisburg, PA 17101-1508
(717) 234-9730
walter.cohen@obermayer.com

Attorneys for Defendants
THINK FINANCE, INC.,
TC LOAN SERVICE, LLC,
TAILWIND MARKETING, LLC,
TC DECISION SCIENCES, LLC, and
FINANCIAL U, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the day of February 4, 2016, the foregoing document was filed electronically on the CM/ECF system, which caused counsel for all parties to be served via email from the ECF system.  The document is available for viewing and downloading from the ECF system.

/s/ Ira N. Richards

3617533