# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CIVIL ACTION |
| By Attorney General JOSH SHAPIRO | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THINK FINANCE, INC., et al. | : | No. 14-cv-07139-JCJ |
| | : | |
| *Defendants.* | : | |

---

## DEFENDANTS THINK FINANCE, INC., TC LOAN SERVICE, LLC, TAILWIND MARKETING, LLC, TC DECISION SCIENCES, LLC, AND FINANCIAL U, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Lewis S. Wiener (*Pro hac vice*)
Matthew O. Gatewood (*Pro hac vice*)
Eversheds Sutherland (US) LLP
700 6th St NW, Suite 700
Washington, DC 20001
Telephone: (202) 383-0140
Facsimile: (202) 637-3593
lewiswiener@eversheds-sutherland.com
mattgatewood@eversheds-sutherland.com

Ira Neil Richards (PA I.D. No. 50879)
Stephen A. Fogdall (PA I.D. No. 87444)
Arleigh P. Helfer III (PA I.D. No. 84427)
Schnader Harrison Segal & Lewis LLP
1600 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2503
Facsimile: (215) 751-2205
irichards@schnader.com
sfogdall@schnader. com
ahelfer@schnader.com

Defendants Think Finance, Inc.,[1] TC Loan Service, LLC, Tailwind Marketing, LLC, TC Decision Sciences, LLC, and Financial U, LLC ("Think Defendants"), through undersigned counsel, submit this Answer in response to Plaintiff's Second Amended Complaint ("SAC"), dated April 7, 2017.  Any and all allegations not specifically admitted herein are denied.  To the extent the SAC asserts legal contentions, such legal contentions require no response in this Answer.  To the extent any response is required to headings or other unnumbered paragraphs in the SAC, the Think Defendants deny the factual allegations, if any, contained in such headings or other unnumbered paragraphs.  This Answer is solely on behalf of the Think Defendants as defined herein.  In support, the Think Defendants state as follows:

1.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 1 of the SAC state opinions and/or conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 1 of the SAC.

2.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 2 of the SAC state opinions and/or conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 2 of the SAC.

3.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 3 of the SAC state opinions and/or conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 3 of the SAC.

4.      The Think Defendants deny the allegations contained in paragraph 4 of the SAC.

5.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 5 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 5 of the SAC.

_____

[1] On April 27, 2017, Think Finance, Inc. filed a certificate of conversion with the Secretary of State of Delaware converting Think Finance, Inc. to Think Finance, LLC.

6.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 6 of the SAC state opinions and/or conclusions of law, no response is required.  To the extent a response is required, the Think Defendants admit that Plaintiff produced documents that purport to be consumer complaints in this action and state that the documents speak for themselves, and otherwise deny the allegations contained in paragraph 6 of the SAC.

7.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 7 of the SAC state opinions and/or conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 7 of the SAC.

8.      The Think Defendants admit that Attorney General Josh Shapiro is the Plaintiff, and purports to bring this case on behalf of the Commonwealth of Pennsylvania, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the SAC.

9.      The Think Defendants state that insofar as Plaintiff's allegations in paragraph 9 of the SAC state conclusions of law, no response is required.  To the extent a response is required, the Think Defendants deny the allegations contained in paragraph 9 of the SAC.

10.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 10 of the SAC state conclusions of law, no response is required.  To the extent a response is required, the Think Defendants deny the allegations contained in paragraph 10 of the SAC.

11.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 11 of the SAC state conclusions of law, no response is required.  To the extent a response is required, the Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding the Commonwealth's provision of notice to the CFPB, and otherwise deny the allegations contained in paragraph 11 of the SAC.

12.     The Think Defendants admit that Think Finance, Inc. was a Delaware corporation headquartered at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109.  On April 27, 2017, Think Finance, Inc. filed a certificate of conversion with the Secretary of State of Delaware converting Think Finance, Inc. to Think Finance, LLC.  Think Finance, LLC is registered in the State of Delaware.  Think Finance, Inc. was not and Think Finance, LLC is not registered with the Pennsylvania Department of State Corporation Bureau.

13.     The Think Defendants admit that TC Loan Service, LLC ("TC Loan Service") is a Delaware limited liability company, is located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109, and was licensed in Pennsylvania as a "credit services" licensee from December 29, 2010 to February 1, 2012.  The Think Defendants otherwise deny the allegations contained in paragraph 13 of the SAC.

14.     The Think Defendants admit that Tailwind Marketing, LLC ("Tailwind") is a Delaware limited liability company, located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109 that is not registered with the Pennsylvania Department of State Corporation Bureau.

15.     The Think Defendants admit that TC Decision Sciences, LLC ("TC Decision") is a Delaware limited liability company, located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109 that is not registered with the Pennsylvania Department of State Corporation Bureau.

16.     The Think Defendants admit that Financial U, LLC ("Financial U") is a Delaware limited liability company, located at 4150 International Plaza, Suite 400, Fort Worth, Texas 76109 that is not registered with the Pennsylvania Department of State Corporation Bureau.

17.     The Think Defendants admit that Kenneth E. Rees was formerly the President and Chief Executive Officer of Think Finance, Inc. and served as Chairman of the Board, and deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding Mr. Rees's residency.   The Think Defendants further state that to the extent paragraph 17 purports to rely on the contents of the records of the Texas Secretary of State, the Think Defendants respectfully refer this Court to the language of the records for their full terms, and state that the records speak for themselves.   To the extent a further response is required, the Think Defendants deny the allegations contained in paragraph 17 of the SAC.

18.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the SAC that relate to other defendants and on that basis deny such allegations.   To the extent the allegations in paragraph 20 are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 20 except admit that Think Finance SPV, LLC is an investor in GPL Servicing, Ltd. ("GPLS") and that Victory Park Capital Advisors, LLC ("Victory Park Capital") created GPLS, a Cayman Islands exempted company incorporated with limited liability that purchased loan participation interests.

21.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the SAC.

22.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the SAC.

23.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the SAC.

24.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the SAC.

25.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the SAC.

26.     Paragraph 26 of the SAC contains party identification information and/or state conclusions of law to which no response is required.  The Think Defendants otherwise deny the allegations contained in paragraph 26 of the SAC.

27.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the SAC.

28.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 28 of the SAC.  The Think Defendants further state that insofar as Plaintiff's allegations in the second sentence of paragraph 28 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 28 of the SAC.

29.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 29 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 29 of the SAC.

30.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 30 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 30 of the SAC.

31.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 31 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 31 of the SAC.

32.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 32 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 32 of the SAC.

33.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 33 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 33 of the SAC.

34.     To the extent paragraph 34 of the SAC purports to rely on a July 26, 2008 Pennsylvania Department of Banking notice, the Think Defendants respectfully refer this Court to the language of that notice for its full terms and legal effects, state that the notice speaks for itself, and otherwise deny the allegations contained in paragraph 34 of the SAC.

35.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 35 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 35 of the SAC.

36.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 36 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 36 of the SAC.

37.     The Think Defendants admit that they are not currently licensed under the CDCA, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 to the extent they apply to other defendants, state that insofar as Plaintiff's

allegations in paragraph 37 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 37 of the SAC.

38. The Think Defendants admit that prior to 2010, Think Finance, Inc. was known as ThinkCash, Inc and prior to that Think Finance was known as PayDay One Holdings, LLC, and otherwise deny the allegations contained in paragraph 38 of the SAC.

39. The Think Defendants admit that PayDay One Holding, LLC, was formed in or around 2001 as a lender that operated over the Internet making short-term loans, and otherwise deny the allegations contained in paragraph 39 of the SAC.

40. The Think Defendants deny the allegations contained in paragraph 40 of the SAC.

41. The Think Defendants state that insofar as Plaintiff's allegations in the first sentence of paragraph 41 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in the first sentence of paragraph 41 of the SAC. To the extent the second sentence of paragraph 41 purports to rely on the contents of the FDIC's "Guidelines for Payday Lending, FIL-14-2005," the Think Defendants respectfully refer this Court to the language of those guidelines for their full terms, state that the guidelines speak for themselves, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the SAC.

42. The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the SAC.

43. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 43 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 43 of the SAC.

44.     The Think Defendants admit that Tailwind received fees from First Bank of Delaware ("FBD") for marketing services and that TC Decision received fees from FBD for website and other technological services, and otherwise deny the allegations contained in paragraph 44 of the SAC.

45.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 45 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 45 of the SAC.

46.     The Think Defendants state that insofar as Plaintiff's allegations in the first sentence of paragraph 46 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in the first sentence of paragraph 46 of the SAC.  To the extent the second sentence of paragraph 46 of the SAC purports to rely on the contents of emails from ThinkCash by First Bank of Delaware, the Think Defendants respectfully refer this Court to the content of the emails for their full terms, state that the emails speak for themselves, and otherwise deny the allegations contained in paragraph 46 of the SAC.

47.     To the extent paragraph 47 of the SAC purports to rely on the contents of emails from PayDay One, LLC, the Think Defendants respectfully refer this Court to the language of the emails for their full terms and state that the emails speak for themselves.  The Think Defendants further state that insofar as Plaintiff's allegations in paragraph 47 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 47 of the SAC.

48.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 except admit that FBD is no longer in business, state that the United States Department of Justice's November 12, 2012 announcement speaks

for itself and respectfully refer this Court to the language of that announcement and deny that the Think Defendants "continued to exercise ownership and control" over the loans originated by the FBD.

49.    The Think Defendants deny the allegations contained in paragraph 49 of the SAC.

50.    The Think Defendants deny the allegations contained in paragraph 50 of the SAC.

51.    The Think Defendants deny the allegations contained in paragraph 51 of the SAC.

52.    To the extent paragraph 52 of the SAC purports to rely on the contents of the article "Payday Lenders and Indians Evading Laws Draw Scrutiny," the Think Defendants respectfully refer this Court to the language of that article for its full terms, state that the article speaks for itself, and otherwise deny the allegations contained in paragraph 52 of the SAC.

53.    The Think Defendants deny the allegations contained in paragraph 53 of the SAC.

54.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 54 of the SAC state conclusions of law, no response is required.  To the extent a response is required, the Think Defendants admit that certain Think Defendants provided services to the Tribal Lenders, including marketing, website, and technology services, and otherwise deny the allegations contained in paragraph 54 of the SAC.

55.    The Think Defendants admit that Tailwind charges the Tribal Lenders per-loan fees for marketing services and that TC Decision receives fees from the Tribal Lenders in connection with servicing and technology services, and otherwise deny the allegations contained in paragraph 55 of the SAC.

56.    To the extent paragraph 56 of the SAC purports to rely on the Plain Green, Great Plains Lending, and MobiLoans websites, the Think Defendants respectfully refer this Court to

the content of those websites for their full terms, state that the websites speak for themselves, and otherwise deny the allegations contained in paragraph 56 of the SAC.

57.    The Think Defendants deny the allegations contained in paragraph 57 of the SAC.

58.    The Think Defendants deny the allegations contained in paragraph 58 of the SAC.

59.    To the extent paragraph 59 of the SAC purports to rely on the contents of the online feature "Dallas Entrepreneurs of the Year 2012," the Think Defendants respectfully refer this Court to the language of that feature for its full terms, state that the feature speaks for itself, and otherwise deny the allegations contained in paragraph 59 of the SAC.

60.    To the extent paragraph 60 of the SAC purports to rely on the contents of the term sheet, the Think Defendants respectfully refer this Court to the language of the term sheet for its full terms, state that the term sheet speaks for itself, and otherwise deny the allegations contained in paragraph 60 of the SAC.

61.    To the extent paragraph 61 of the SAC purports to rely on the contents of the term sheet, the Think Defendants respectfully refer this Court to the language of the term sheet for its full terms, state that the term sheet speaks for itself, and otherwise deny the allegations contained in paragraph 61 of the SAC.

62.    The Think Defendants deny the allegations contained in paragraph 62 of the SAC.

63.    The Think Defendants admit that Tailwind designed the Plain Green website so that existing ThinkCash customers visiting the ThinkCash website at www.thinkcash.com would be routed automatically to the Plain Green website, www.plaingreenloans.com, recognized as an existing customer, able to log into their account and, if they wished, could obtain new loans.  To the extent paragraph 63 of the SAC purports to rely on the contents of a printout of the www.thinkcash.com website, the Think Defendants respectfully refer this Court to the printout

for its full terms, state that the printout speaks for itself, and otherwise deny the allegations contained in paragraph 63 of the SAC.

64.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 64 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 64 of the SAC.

65.    To the extent paragraph 65 of the SAC purports to rely on the contents of a sample Plain Green loan agreement and the Plain Green "Loan Cost and Terms" webpage, the Think Defendants respectfully refer this Court to those sources for their full terms, state that the sources speak for themselves, and otherwise deny the allegations contained in paragraph 65 of the SAC except admit that certain Think Defendants developed and managed Plain Green's website until June 1, 2016.

66.    To the extent paragraph 66 of the SAC purports to rely on the contents of a sample Plain Green loan agreement, the Think Defendants respectfully refer this Court to the language of the sample loan agreement for its full terms, state that the sample loan agreement speaks for itself, and otherwise deny the allegations contained in paragraph 66 of the SAC.

67.    The Think Defendants admit that Tailwind created, developed and managed a website for Great Plains Lending, and otherwise deny the allegations contained in the first sentence of paragraph 67 of the SAC.  To the extent the remaining sentences of paragraph 67 of the SAC purport to rely on the contents of a sample Great Plains Lending loan agreement and the Great Plains "Loan Cost and Terms" webpage, the Think Defendants respectfully refer this Court to those sources for their full terms, state that the sources speak for themselves, and otherwise deny the allegations contained in paragraph 67 of the SAC.

68.     To the extent paragraph 68 of the SAC purports to rely on the contents of a sample Great Plains loan agreement, the Think Defendants respectfully refer this Court to the language of the loan agreement for its full terms, state that the loan agreement speaks for itself, and otherwise deny the allegations contained in paragraph 68 of the SAC.

69.     To the extent paragraph 69 of the SAC purports to rely on the contents of the sample Plain Green and Great Plains loan agreements, the Think Defendants respectfully refer this Court to the language of the loan agreements for their full terms, state that the loan agreements speak for themselves, and otherwise deny the allegations contained in paragraph 69 of the SAC.

70.     The Think Defendants admit that MobiLoans offers an ongoing "line of credit." To the extent paragraph 70 of the SAC purports to rely on the contents of the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the website for its full terms, state that the website speaks for itself, and otherwise deny the allegations contained in paragraph 70 of the SAC.

71.     To the extent paragraph 71 of the SAC purports to rely on the contents of the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the website for its full terms, state that the website speaks for itself, and otherwise deny the allegations contained in paragraph 71 of the SAC.

72.     To the extent paragraph 72 of the SAC purports to rely on the contents of the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the website for its full terms, state that the website speaks for itself, and otherwise deny the allegations contained in paragraph 72 of the SAC.

73. The Think Defendants state that insofar as Plaintiff's allegations in paragraph 73 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 73 of the SAC.

74. To the extent paragraph 74 of the SAC purports to rely on the contents of an account statement and the "MobiLoans Credit Agreement and Terms and Conditions," the Think Defendants respectfully refer this Court to the language of those documents for their full terms, state that the documents speak for themselves, and otherwise deny the allegations contained in paragraph 74 of the SAC except admit that certain Think Defendants developed and managed MobiLoan's website.

75. To the extent paragraph 75 of the SAC purports to rely on the contents of the "MobiLoans Credit Agreement and Terms and Conditions," the Think Defendants respectfully refer this Court to the language of that document for its full terms, state that the document speaks for itself, and otherwise deny the allegations contained in paragraph 75 of the SAC except admit that certain Think Defendants developed and managed MobiLoan's website.

76. The Think Defendants admit that Pennsylvania consumers entered into consumer credit contracts with Plain Green, Great Plains Lending, and MobiLoans, and otherwise deny the allegations contained in paragraph 76 of the SAC.

77. The Think Defendants admit that until mid-2013 some certain subsidiaries of PayDay One, LLC, offered loans to some consumers in some states. The Think Defendants further admit that until May 1, 2014, some certain subsidiaries of Think Finance offered loans to some consumers in some states. The Think Defendants further state that to the extent paragraph 77 of the SAC purports to rely on a printout from the Rise webpage, the Think Defendants

respectfully refer this Court to the contents of the printout for its full terms, state that the printout speaks for itself, and otherwise deny the allegations contained in paragraph 77 of the SAC.

78.    The Think Defendants admit that Pennsylvania consumers could access the Plain Green, Great Plains Lending, and MobiLoans websites, deny knowledge or information sufficient to form a belief as to whether Plain Green's website allows access to Pennsylvania consumers from June 1, 2016 to present, and otherwise deny the allegations contained in paragraph 78 of the SAC.

79.    To the extent paragraph 79 of the SAC purports to rely on printouts from the Think Finance LinkedIn page and the Think Finance United Kingdom website, the Think Defendants respectfully refer this Court to the contents of those printouts for their full terms, state that the printouts speak for themselves, and otherwise deny the allegations contained in paragraph 79 of the SAC.

80.    To the extent paragraph 80 of the SAC purports to rely on a direct mail solicitation, the Think Defendants respectfully refer this Court to the language of the solicitation for its full terms, state that the solicitation speaks for itself, and otherwise deny the allegations contained in paragraph 80 of the SAC.

81.    The Think Defendants admit that Think Finance restructured on May 1, 2014, at which time it spun off its portfolio of branded consumer lending products.  Following this date, Elevate owned this portfolio of branded consumer lending products while Think Finance remained focused on providing analytics, marketing, and technology services to third-party lenders.  The Think Defendants otherwise deny the allegations contained in paragraph 81 of the SAC.

82.     The Think Defendants admit that the majority of payments received by the Tribal Lenders are, with the advance approval and direction from consumers, debited from the consumers' bank accounts via electronic debits processed through the ACH system.  The Think Defendants further admit that certain Think Defendants facilitated the Tribal Lenders' access to the ACH system, and otherwise deny the allegations contained in paragraph 82 of the SAC.

83.     The Think Defendants admit that certain Think Defendants facilitated generating lists of loans and identifying service providers, and otherwise deny the allegations contained in paragraph 83 of the SAC.

84.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 85 of the SAC state opinions and/or conclusions of law, no response is required, and otherwise deny the allegations in paragraph 85 of the SAC.

86.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 86 of the SAC state opinions and/or conclusions of law, no response is required.  The Think Defendants further respond that to the extent paragraph 86 of the SAC purports to rely on the Privacy Policy on the MobiLoans website, the Think Defendants respectfully refer this Court to the language of the Privacy Policy for its full terms, state that the Privacy Policy speaks for itself, and otherwise deny the allegations contained in paragraph 86 of the SAC.

87.     The Think Defendants deny the allegations contained in paragraph 87 of the SAC except admit that the Think Defendants and Victory Park Capital discussed potential investments while the Think Defendants were still providing services for loans originated by the First Bank of Delaware.

88.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 88 are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 88.

89.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 89 are directed at the Think Defendants, the Think Defendants admit that on May 28, 2010, VPCA formed an investment fund named VPC/TF Fund II, Ltd., and on July 9, 2010, formed an investment fund named VPC/TF Fund I, Ltd., which were intended to be used to purchase participation interests in loans originated by the First Bank of Delaware and otherwise deny the allegations in paragraph 89.

90.    To the extent paragraph 90 of the SAC purports to rely on an "Administrative Agency Agreement" and a "Guaranty and Security Agreement," both documents that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the contents of those documents, state that the documents speaks for themselves, and otherwise deny the allegations contained in paragraph 90 of the SAC.

91.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 9 are directed at the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 91.

92.     The Think Defendants deny the allegations contained in paragraph 92 of the SAC except admit that the First Bank of Delaware stopped lending in Pennsylvania in 2010, that the Think Defendants, for purposes of discussions with potential lenders, created materials and presentations to demonstrate the contractual services that the Think Finance Defendants could provide and that the Think Defendants approached the Otoe-Missouria tribe in late 2010 with a presentation that provided an overview of what Great Plains Lending might look like, including, sample website pages.

93.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 93 are directed at the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 93.

94.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 94 are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 94 except admit that on January 6, 2011, the name of VPC/TF Fund II Ltd. was changed to GPL Servicing, Ltd.

95.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 95 are directed at the Think Defendants, the Think Defendants state that the relationships between GPLS and any entity affiliated with Think Finance are contractual and set forth in agreements such as the "Administrative Agency Agreement" and a "Guaranty and Security Agreement," documents that

the Think Finance Defendants produced during discovery, respectfully refer this Court to the contents of those documents, state that the documents speaks for themselves, and otherwise deny the allegations contained in paragraph 95 of the SAC.

96.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 96 are directed at the Think Defendants, the Think Defendants state that the relationships between the Think Defendants and the Tribal Lenders and/or GPLS are contractual, that the contracts speak for themselves, and otherwise deny the allegations in paragraph 96.

97.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent paragraph 97 of the SAC purports to rely on the "Flow of Funds" document that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the content of that document, state that the document speaks for itself, and otherwise deny the allegations contained in paragraph 97.

98.    To the extent paragraph 98 of the SAC purports to rely on the "Flow of Funds" document that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the content of that document, state that the document speaks for itself, and otherwise deny the allegations contained in paragraph 98.

99.    To the extent paragraph 99 of the SAC purports to rely on the "Flow of Funds" document that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the content of that document, state that the document speaks for itself, and otherwise deny the allegations contained in paragraph 99 of the SAC.

100.    To the extent paragraph 100 of the SAC purports to rely on a "Marketing Agreement," "License and Support Agreement," "Servicing Agreement," "Participation Agreement," and "Various Outsourcing Agreements," documents that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the contents of those documents, state that the documents speaks for themselves, and otherwise deny the allegations contained in paragraph 100 of the SAC.

101.    To the extent paragraph 101 of the SAC purports to rely on a "Participation Agreement" that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the contents of that document, state that the document speaks for itself, and otherwise deny the allegations contained in paragraph 101 of the SAC.

102.    To the extent paragraph 102 of the SAC purports to rely on an "Administrative Agency Agreement" and a "Guaranty and Security Agreement," documents that the Think Finance Defendants produced during discovery, the Think Defendants respectfully refer this Court to the contents of those documents, state that the documents speaks for themselves, and otherwise deny the allegations contained in paragraph 102 of the SAC.

103.    To the extent paragraph 103 of the SAC purports to rely on a "Non-Binding Summary of Key Terms for Lending Programs," a document that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the content of that document, state that the document speaks for itself, and otherwise deny the allegations contained in paragraph 103 of the SAC.

104.    To the extent paragraph 104 of the SAC purports to rely on a "Marketing Agreement," "License and Support Agreement," "Services Agreement," "Participation Agreement," "Second Amended and Restated Guaranty and Security Agreement," and "Third

Amended and Restated Guaranty and Security Agreement," documents that Think Finance produced during discovery, the Think Defendants respectfully refer this Court to the contents of those documents, state that the documents speaks for themselves, and otherwise deny the allegations contained in paragraph 104 of the SAC.

105.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 105 except admit that Think Finance SPV, LLC is an investor in GPLS.

106.    The Think Defendants deny the allegations contained in paragraph 106 of the SAC except admit that GPLS paid Victory Park Capital a management fee.

107.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 107 are directed at the Think Defendants, the Think Defendants admit that in April 2013, a foreign investor deposited $25 million in GPLS, and otherwise deny the allegations in paragraph 107.

108.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 108 are directed at the Think Defendants, the Think Defendants state that to the extent the allegations are describing or quoting documents produced in this litigation, the documents speak for themselves, admit that in late 2012 employees of Think Finance, including Think Finance's then Chief Financial Officer, traveled overseas to meet with a potential investor and were asked to discuss legal and

regulatory issues relating to high interest lending, and otherwise deny the allegations in paragraph 108.

109.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 109 are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 109.

110.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 110 are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 110.

111.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 111 are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 111 of the SAC.

112.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the SAC that relate to other defendants or third-parties and on that basis deny such allegations.  To the extent paragraph 112 of the SAC purports to rely on a case and decision in the U.S. District Court for the Southern District of New York, the Think Defendants respectfully refer this Court to the contents of that case and decision, state that the case and decision speak for themselves and note that the Court can take judicial notice of the decision, if appropriate, and otherwise deny the allegations in paragraph 112 of the SAC.

113.    To the extent paragraph 113 of the SAC purports to rely on an email that the Think Defendants produced during discovery, the Think Defendants respectfully refer this Court to the content of the email, state that the email speaks for itself, and otherwise deny the allegations contained in paragraph 113 that are directed at the Think Defendants.

114.    To the extent paragraph 114 of the SAC purports to rely on U.S. Court of Appeals for the Second Circuit decision, the Think Defendants respectfully refer this Court to the contents of that decision, state that the decision speaks for itself, note that the Court can take judicial notice of the decision, if appropriate, and otherwise deny the allegations contained in paragraph 114 that are directed at the Think Defendants.

115.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 115 are directed at the Think Defendants, the Think Defendants deny the allegations in paragraph 115.

116.    The Think Defendants admit that Plain Green, Great Plains Lending, and MobiLoans stopped accepting loans from new Pennsylvania consumers on November 13, 2014, deny knowledge or information sufficient to form a belief as to whether Plain Green accepted loans from new Pennsylvania consumers from June 1, 2016 to present and otherwise deny the allegations contained in paragraph 116 of the SAC.

117.    The Think Defendants admit that Pennsylvania consumers faced collection of consumer debt owed to the Tribal Lenders.  The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the SAC that relate to other defendants and on that basis deny such allegations.  The Think Defendants admit that Plaintiff produced documents that purport to be consumer complaints in

this litigation and state that the documents speak for themselves, and otherwise deny the allegations contained in paragraph 117 of the SAC.

118.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 118 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 118 of the SAC.

119.    The Think Defendants admit that Pennsylvania consumers could access the Great Plains Lending, Plain Green and MobiLoans websites, and that those consumers were not informed that they cannot obtain credit until after they enter information including social security number, driver license, and bank account information, deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plain Green's website after June 1, 2016, and otherwise deny the allegations contained in paragraph 119 of the SAC.

## CLAIMS FOR RELIEF

### *COUNT ONE*
**(Against the Think Finance Defendants & Defendant Victory Park Capital Advisors, LLC)**
**(Violations of Corrupt Organizations Act, 18 Pa. C.S.A. § 911(b)(1))**

120.    The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

121.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 121 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 121 of the SAC.

122.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 122 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 122 of the SAC.

123.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 123 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 123 of the SAC.

124.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 124 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 124 of the SAC.

125.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 125 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 125 of the SAC.

126.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 126 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 126 of the SAC.

127.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 127 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 127 of the SAC.

128.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 128 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 128 of the SAC.

129.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 129 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 129 of the SAC.

130.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 130 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 130 of the SAC.

131.    To the extent paragraph 131 of the SAC purports to rely on the contents of 18 Pa. C.S.A. § 91l(c), the Think Defendants respectfully refer this Court to the language of that statute for its full terms and legal effect, state that the statute speaks for itself, admit that Plaintiff seeks the requested relief, and otherwise deny the allegations contained in paragraph 131.

### COUNT TWO
**(Against the Think Finance Defendants & Defendant Victory Park Capital Advisors, LLC)**
**(Violations of Corrupt Organizations Act, 18 Pa. C.S.A. § 911(b)(3))**

132.    The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

133.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 133 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 133 of the SAC.

134.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 134 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 134 of the SAC.

135.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 135 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 135 of the SAC.

136.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 136 are directed at

the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 136.

137.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 137 are directed at the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 137.

138.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 138 are directed at the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 138.

139.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 139 are directed at the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 139.

140.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 140 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 140 of the SAC.

141.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 141 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 141 of the SAC.

142.    To the extent paragraph 142 of the SAC purports to rely on the contents of 18 Pa. C.S.A. § 911(c), the Think Defendants respectfully refer this Court to the language of that statute for its full terms and legal effect, state that the statute speaks for itself, admit that Plaintiff seeks the requested relief, and otherwise deny the allegations contained in paragraph 142.

### COUNT THREE
**(Against All Defendants)**
**(Violation of Corrupt Organizations Act, 18 Pa. C.S.A. § 911(b)(4))**

143.    The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

144.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 144 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 144 of the SAC.

145.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 145 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 145 of the SAC.

146.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 146 are directed at the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 146.

147.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 147 are directed at

the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 147.

148.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 148 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 148 of the SAC.

149.     To the extent paragraph 149 of the SAC purports to rely on the contents of 18 Pa. C.S.A. § 91l(c), the Think Defendants respectfully refer this Court to the language of that statute for its full terms and legal effect, state that the statute speaks for itself, admit that Plaintiff seeks the requested relief, and otherwise deny the allegations contained in paragraph 149.

### COUNT FOUR
**(Against the Think Finance Defendants and NCA)**
**(Violations of FCEUA and the Consumer Protection Law for Collecting Illegal Interest)**

150.     The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

151.     The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the SAC that relate to other defendants and on that basis deny such allegations.  The Think Defendants deny the allegations of Paragraph 151 of the SAC to the extent that they are directed at the Think Defendants.

152.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 152 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 152 of the SAC.

153.     The Think Defendants state that insofar as Plaintiff's allegations in paragraph 153 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 153 of the SAC.

154.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 154 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 154 of the SAC.

155.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 155 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 155 of the SAC.

156.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 156 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 156 of the SAC.

157.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 157 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 157 of the SAC.

158.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 158 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 158 of the SAC.

159.    The Think Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the SAC that relate to other defendants and on that basis deny such allegations.  To the extent the allegations in paragraph 159 are directed at the Think Defendants, the Think Defendants state that insofar as the allegations state conclusions of law, no response is required, and otherwise deny the allegations in paragraph 159.

### COUNT FIVE
### (Against the Think Finance Defendants)
### (Additional Violations of the Consumer Protection Law for Misrepresentation and Deception)

160.    The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

161.    The Think Defendants deny the allegations contained in paragraph 161 of the SAC.

162.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 162 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 162 of the SAC.

163.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 163 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 163 of the SAC.

164.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 164 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 164 of the SAC.

165.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 165 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 165 of the SAC.

166.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 166 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 166 of the SAC.

167.    The Think Defendants admit that Pennsylvania consumers could access the Great Plains Lending, Plain Green and MobiLoans websites, and that those consumers were not informed that they cannot obtain credit until after they enter information including social security number, driver license number, and bank account information, deny knowledge or information

sufficient to form a belief as to the truth of the allegations relating to Plain Green's website after June 1, 2016, and otherwise deny the allegations contained in paragraph 167 of the SAC.

168.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 168 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 168 of the SAC.

169.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 169 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 169 of the SAC.

170.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 170 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 170 of the SAC.

171.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 171 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 171 of the SAC.

172.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 172 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 172 of the SAC.

173.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 173 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 173 of the SAC.

174.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 174 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 174 of the SAC.

**COUNT SIX**
**(Against the Think Finance Defendants)**
**(Violations of the Dodd-Frank Act)**

175.    The Think Defendants re-allege and incorporate by reference each and every preceding paragraph of this Answer as if fully set forth herein.

176.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 176 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 176 of the SAC.

177.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 177 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 177 of the SAC.

178.    Pursuant to the Court's Memorandum and Order dated January 14, 2016, Plaintiff's Dodd-Frank Act claims relating to the Electronic Funds Transfer Act were dismissed for failure to state a claim and therefore no response is required.  ECF Nos. 93 and 94.  To the extent a response is required, paragraph 178 of the SAC purports to rely on 15 U.S.C. § 1693k and Regulation E, the Think Defendants respectfully refer this Court to the language of those sources for their full terms and legal effect, and state that the statute and regulation speak for themselves.  The Think Defendants further state that insofar as Plaintiff's allegations in paragraph 178 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 178 of the SAC.

179.    Pursuant to the Court's Memorandum and Order dated January 14, 2016, Plaintiff's Dodd-Frank Act claims relating to the Electronic Funds Transfer Act were dismissed for failure to state a claim and therefore no response is required.  ECF Nos. 93 and 94.  To the extent a response is required, the Think Defendants state that insofar as Plaintiff's allegations in

paragraph 179 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 179 of the SAC.

180.    Pursuant to the Court's Memorandum and Order dated January 14, 2016, Plaintiff's Dodd-Frank Act claims relating to personal information were dismissed for failure to state a claim and therefore no response is required.  ECF Nos. 93 and 94.  To the extent a response is required, the Think Defendants state that insofar as Plaintiff's allegations in paragraph 180 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 180 of the SAC.

181.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 181 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 181 of the SAC.

182.    Pursuant to the Court's Memorandum and Order dated January 14, 2016, to the extent paragraph 182 relates to Plaintiff's Dodd-Frank Act claims dismissed for failure to state a claim, no response is required.  ECF Nos. 93 and 94.  In addition, the Think Defendants state that insofar as Plaintiff's allegations in paragraph 182 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 182 of the SAC.

183.    Pursuant to the Court's Memorandum and Order dated January 14, 2016, Plaintiff's Dodd-Frank Act claims relating to common enterprise were dismissed for failure to state a claim and therefore no response is required.  ECF Nos. 93 and 94.  To the extent a response is required, the Think Defendants state that insofar as Plaintiff's allegations in paragraph 183 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 183 of the SAC.

184.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 184 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 184 of the SAC.

185.    The Think Defendants state that insofar as Plaintiff's allegations in paragraph 185 of the SAC state conclusions of law, no response is required, and otherwise deny the allegations contained in paragraph 185 of the SAC.

## PLAINTIFF'S PRAYER FOR RELIEF

The Think Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief that appears in the SAC.

## GENERAL DENIALS

186.    The Think Defendants deny each and every allegation not expressly admitted herein.

187.    The Think Defendants deny that they are liable to Plaintiff on any basis or in any amount.

## AFFIRMATIVE DEFENSES

The Think Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed preparation for trial.  The affirmative defenses asserted herein are based on the Think Defendants' knowledge, information, and belief at this time, and the Think Defendants specifically reserve the right to modify, amend, or supplement any affirmative defenses contained herein at any time.  The Think Defendants reserve the right to assert additional defenses as information is gathered through discovery and investigation.  In asserting these defenses, the Think Defendants do not allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters, and do not

assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

Subject to the preceding qualifications, the Think Defendants allege the following additional separate and affirmative defenses to the SAC:

1.      The SAC, and each and every purported claim contained therein, fails to state facts sufficient to constitute a claim against the Think Defendants.

2.      The SAC is barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law.

4.      The SAC is barred, in whole or in part, by the doctrine of waiver.

5.      The SAC is barred, in whole or in part, by the equitable doctrine of estoppel.

6.      The SAC is barred, in whole or in part, because there is no actual, factual, legal, or proximate causal connection between the alleged injuries or damages to Pennsylvania borrowers, if any, and any act or omission of the Think Defendants.

7.      The SAC is barred, in whole or in part, because the alleged injuries or damage to the Pennsylvania borrowers, if any, were caused wholly or in part by the conduct, negligent acts or omissions, and/or fault of third parties or entities other than the Think Defendants, and the liability of the Think Defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to the Think Defendants.

8.      To the extent that Plaintiff's claims are based on the acts of third parties, such acts cannot be imputed to the Think Defendants under any vicarious liability theory.

9.      The SAC is barred, in whole or in part, because the Think Defendants, in good faith, acted in compliance with all applicable laws, statutes, and regulations.

10.    The SAC is barred, in whole or in part, because the Pennsylvania borrowers of the loans Plaintiff claims to be "illegal," through express or implied agreements, and/or through their conduct, consented to the conduct or alleged injuries about which Plaintiff now complains.

11.    The SAC is barred, in whole or in part, because the rates of interest on the loans Plaintiff claims to be "illegal" are expressly authorized by the agreement creating the debt and are permitted by law.

12.    To the extent that Pennsylvania borrowers of the loans Plaintiff claims to be "illegal" have outstanding obligations to Defendant, Plaintiff's claims are barred or reduced.

13.    The Think Defendants were not unjustly enriched by the Pennsylvania borrowers of the loans Plaintiff claims to be "illegal," and thus have no obligation to provide restitution.

14.    The Think Defendants allege on information and belief that the Pennsylvania borrowers of the loans Plaintiff claims to be "illegal," had, and continue to have, the ability and opportunity to mitigate the damages alleged in the SAC, and have failed to act reasonably to mitigate such damages.

15.    The SAC is barred, in whole or in part, because the Think Defendants did not make any misrepresentations or omit to state any material information.

16.    Plaintiff's state-law claims are barred by 71 P.S. § 733-506.

17.    To the extent Plaintiff claims attorney's fees under any statute, the Think Defendants reserve the right to assert any and all other defenses to those claims.

18.    The SAC fails to join necessary and indispensable parties.

**PRAYER**

WHEREFORE, the Think Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by way of the SAC;

2.      That the Court dismiss the SAC against the Think Defendants with prejudice;

3.      That the Think Defendants be awarded their costs of suit incurred in defense of

this action; and

4.      For such other relief as the Court deems just and proper.


Dated: August 25, 2017

Respectfully submitted,

/s/ Ira N. Richards

Ira Neil Richards (PA I.D. No. 50879)
Stephen A. Fogdall (PA I.D. No. 87444)
Arleigh P. Helfer III (PA I.D. No. 84427)
Schnader Harrison Segal & Lewis LLP
1600 Market St., Suite 3600
Philadelphia, PA 19103
(215)751-2503
irichards@schnader.com
sfogdall@schnader.com
ahelfer@schnader.com


Lewis S. Wiener (Pro hac vice)
Matthew O. Gatewood (Pro hac vice)
Eversheds Sutherland (US) LLP
700 6th St NW, Suite 700
Washington, DC 20001
(202) 383-0140
lewiswiener@eversheds-sutherland.com
mattgatewood@eversheds-sutherland.com
*Attorneys for Think Defendants*

## CERTIFICATE OF SERVICE

I, Ira N. Richards, certify that on August 25, 2017, I served the foregoing document on all counsel of record via the Court's CM/ECF system.  The document is available for viewing and downloading from the ECF system.

Dated: August 25, 2017

Respectfully submitted,

/s/ Ira N. Richards

Ira Neil Richards (PA I.D. No. 50879)
Stephen A. Fogdall (PA I.D. No. 87444)
Arleigh P. Helfer III (PA I.D. No. 84427)
Schnader Harrison Segal & Lewis LLP
1600 Market St., Suite 3600
Philadelphia, PA 19103
(215)751-2503
irichards@schnader.com
sfogdall@schnader.com
ahelfer@schnader.com

Lewis S. Wiener (Pro hac vice)
Matthew O. Gatewood (Pro hac vice)
Eversheds Sutherland (US) LLP
700 6th St NW, Suite 700
Washington, DC 20001
(202) 383-0140
lewiswiener@eversheds-sutherland.com
mattgatewood@eversheds-sutherland.com
*Attorneys for Think Defendants*