The Tribe commits that it will use its best efforts to have completed the following critical path items within the next 14 days:

1. Establish "Plain Green, LLC" (or an entity with some other agreed upon name)
2. Revise the Tribal Credit Transaction Code to provide for a broader array of lending products
3. Obtain a license pursuant to the Chippewa Cree Tribal Credit Transaction Code if required
4. Setup bank account for "Plain Green, LLC"
5. Setup ACH processing for "Plain Green, LLC"
6. Get SSL for URL
7. Obtain 2 separate originating and servicing addresses for Plain Green, LLC and GPLS.

Legal Representation

Pepper Hamilton LLP ("Pepper") and Jones & Keller, PC ("J&K")" shall be counsel to the Tribe. All fees of Pepper (including a success fee) shall be paid by TF at the closing of the transaction (and will pay the fees in the event the transaction does not close), plus reimbursement for all costs.

J&K shall be paid as follows: an amount of $20,000 shall be wired by TF or Haynes to J&K's trust account on Thursday, March 10, 2011 which shall be applied by J&K in payment for all legal work performed by J&K (but not expense disbursements, if any, which shall be separately billed to TF or Haynes) during the week ending on March 18, 2011, and an additional amount of $7,500 shall be wired by Haynes to J&K's trust account which shall be applied by J&K in payment for all legal work performed by J&K provided that all action by the Tribe or on behalf of the Tribe that is necessary to complete the items contemplated above for the Tribe to complete have been accomplished in all material respects by March 18, 2011.

In addition to the above legal fees, an amount of $50,000 for the payment of other tribal legal and professional fees, as well as set up, administration, travel, and supplies shall be wired by TF or Haynes to J&K's trust account on Thursday, March 10, 2011 which shall be transferred by J&K (1) to the Tribe or as directed by the Tribe or by the Board of Directors of the tribal entity known as Plain Green, LLC provided that all action by the Tribe or on behalf of the Tribe that is necessary to complete the items contemplated above for the Tribe to complete have been accomplished in all material respects by March 18, 2011, or otherwise at the direction of the Tribe (2) to Haynes as directed by Steven Haynes.

This term sheet does not set forth all the terms and conditions of the transaction described herein. Rather, it is only an outline, in summary format, of major points of understanding, which will form the basis of the definitive documentation.

Except for obligations in respect of the "Legal Representation" paragraph above, in this paragraph and in the immediately succeeding paragraph, this term sheet is not, and shall not be deemed to be, a binding agreement by any of the parties hereto to consummate the transaction described herein. Such agreement will arise only upon the execution and delivery by the parties hereto of definitive documentation satisfactory in form and substance to each of the parties and the fulfillment, to the satisfaction of the parties, of the conditions precedent set forth herein and in such definitive documentation. In the event the transaction described herein shall not have been consummated on or before the day that is days after the date of this executed term sheet, this term sheet shall automatically terminate on such 45th day (unless extended in writing by the parties).

This term sheet and the terms set forth herein are confidential, and none of the parties shall disclose the terms of this term sheet, or the fact that negotiations amongst the parties are ongoing, to any third party, including, without limitation, any other source of potential financing for the transaction described herein; provided, that the parties may provide a copy of this term sheet to their attorneys and financial advisors, in each case, for use only in connection with the proposed transaction and on a confidential basis.

Agreed to by the below signatories.

CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S INDIAN RESERVATION, MONTANA, or its Tribal entity to be known as "Plain Green, LLC"

By:______________________________

THINK FINANCE, INC.

By:______________________________

HAYNES INVESTMENTS, INC., its successors and assigns

By:______________________________

GPL SERVICING LTD., a Cayman Islands company

By:______________________________

Dated: March 11, 2011

Except for obligations in respect of the "Legal Representation" paragraph above, in this paragraph and in the immediately succeeding paragraph, this term sheet is not, and shall not be deemed to be, a binding agreement by any of the parties hereto to consummate the transaction described herein. Such agreement will arise only upon the execution and delivery by the parties hereto of definitive documentation satisfactory in form and substance to each of the parties and the fulfillment, to the satisfaction of the parties, of the conditions precedent set forth herein and in such definitive documentation. In the event the transaction described herein shall not have been consummated on or before the day that is days after the date of this executed term sheet, this term sheet shall automatically terminate on such 45th day (unless extended in writing by the parties).

This term sheet and the terms set forth herein are confidential, and none of the parties shall disclose the terms of this term sheet, or the fact that negotiations amongst the parties are ongoing, to any third party, including, without limitation, any other source of potential financing for the transaction described herein; provided, that the parties may provide a copy of this term sheet to their attorneys and financial advisors, in each case, for use only in connection with the proposed transaction and on a confidential basis.

Agreed to by the below signatories.

CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S INDIAN RESERVATION, MONTANA, or its Tribal entity to be known as "Plain Green, LLC"

By:______________________________

THINK FINANCE, INC.

By:______________________________

HAYNES INVESTMENTS, INC., its successors and assigns

By:______________________________

GPL SERVICING LTD., a Cayman Islands company

By:______________________________

Dated: March 11, 2011



#13950209 v8

# EXHIBIT E

INTERNET ARCHIVE Wayback Machine http://www.thinkcash.com/ Go 181 captures 4 Apr 01 - 19 Jul 14 FEB JUN SEP 14 2010 2011 2012 Close Help

ThinkCash plaingreen

Welcome back!

As a returning customer, we have some exciting news to share. ThinkCash customers are now to be serviced at PlainGreenLoans.com.

Here are a few things you need to know:

1. You don't need to take any action
2. Continue to use your ThinkCash email address and password
3. From now on, just login to PlainGreenLoans.com to view your account

You will be redirected to the site in 10 seconds, or you can click below.



Who is Plain Green Loans? Why is ThinkCash no longer servicing my account? Click here to view answers to frequently asked questions.

2008-2011 ThinkCash All Rights Reserved.
[1]



http://www.thinkcash.com/faq/migration Go

2 captures
12 Apr 11 - 16 Jul 11

APR JUL AUG
16
2010 2011 2012





### WHY IS THINKCASH NO LONGER SERVICING MY LOAN?

ThinkCash is no longer offering loans. Instead, Plain Green Loans is here to help you with the same prompt, friendly customer service you've come to expect.

### WHO IS PLAIN GREEN LOANS?

Plain Green Loans offers installment loans up to $2,500 to cover life's unexpected expenses. We service thousands of customers just like you. To learn more, visit PlainGreenLoans.com.

### WHAT DO I NEED TO DO TO ACCESS MY ACCOUNT?

It's easy - you can access your loan details by logging in to PlainGreenLoans.com using the same email address and password you used for your ThinkCash account.

### IF I STILL HAVE SOME QUESTIONS ON MY LOAN, WHO DO I CONTACT?

Plain Green Loans is here to assist you with any questions! You can email support@plaingreenloans.com or call (866) 420-7157. Customer support representatives are available Monday - Friday 8am to 10pm ET, and on Saturdays from 9am to 5pm ET.

INTERNET ARCHIVE WaybackMachine http://www.plaingreenloans.com/ Go 242 captures 8 Apr 11 - 3 Sep 14 APR JUN AUG 28 2010 2011 2012 Close Help



plain green How It Works | Loan Cost & Terms | My Account | Contact Us Been here before? login

## GET STARTED TODAY!

First Name

Last Name

E-mail Address

State Promo Code




have a question?
call 1.866.420.7157

HOW DOES IT WORK? WHY A PLAIN GREEN LOAN? PLAIN GREEN LOAN vs. LATE FEES

Our cash loans are as easy as 123

GET STARTED TODAY > >



1. apply online

With our plain and simple online application, it's quick, secure and confidential.



2. get an answer in seconds*

No waiting and no guessing. We'll tell you how much you're approved for in moments.



3. get cash as soon as tomorrow!

If approved, your loan funds will be deposited as early as the next business day (for transactions completed by 6 p.m. ET)*.

FAQs | About Us | Financial Tips | Security | Privacy | Disclosures | Site Map

2011 Plain Green Loans All Rights Reserved.
[1]

*Plain Green, LLC is a tribal lending entity wholly owned by the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana, a sovereign nation located within the United States of America, and is operating within the Tribe's Reservation. Applications processed and approved before 6 p.m. ET are typically funded the next business day. In some cases, we may not be able to verify your application information and may ask you to provide certain documents. Maximum loan amount for initial loan is $1,000.00. Refer to Loan Cost & Terms for additional details. Complete disclosures of APR, fees and payment terms are provided within the Loan Agreement.

Please note: This is an expensive form of credit. Plain Green loans are designed to help you meet your short-term borrowing needs. Appropriate emergencies might be a car repair, medical care for you or your family, or travel expenses in connection with your job. This service is not intended to provide a solution for longer-term credit or other financial needs. Alternative forms of credit may be less expensive and more suitable for your financial needs. Alternative sources you could consider include: a credit card cash advance; personal loans; home equity line of credit; existing savings; or borrowing from a friend or relative.

# EXHIBIT F

THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"

**CONSUMER LOAN AGREEMENT**
**LOAN NUMBER:** [redacted]

Plain Green, LLC
93 Mack Road, Suite 600
PO Box 270
Box Elder, MT 59521

**BORROWER'S INFORMATION:**

Lender: Plain Green, LLC

Origination Date: 5/25/2012
This is the date you signed and submitted this loan agreement to the lender.

Effective Date: 5/30/2012
The date you begin to pay interest on the loan.

Final Payment Due Date:
7/19/2013

Borrower's Name:
[redacted]

Borrower's ID:
[redacted]

Borrower's Address:
[redacted] Ave
[redacted], PA [redacted]

Borrower's Bank and Account Number for ACH Transfers (the "Bank Account"):
[redacted] [redacted]

**This Loan Agreement (the "Agreement") is subject solely to the exclusive laws and jurisdiction of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana ("Chippewa Cree").** In this Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and Lender refer to **Plain Green, LLC**, a lender authorized by the laws of the Chippewa Cree. "Loan" means this consumer installment loan. By executing this Agreement, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Chippewa Cree Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Agreement, its enforcement or interpretation.

TRUTH IN LENDING DISCLOSURES: The disclosures below are provided to you so that you may compare the cost of this loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the Loan, or this Agreement.

TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 279.22% | $2,715.47 | $1,200.00 | $3,915.47 |

Your payment schedule (the "Payment Schedule") will be:

| Number of Payments | Amount of Payments | When Payments Are Due (each, a "Payment Due Date") |
|---|---|---|
| 29 | $130.53 | 6/8/2012, 6/22/2012, 7/6/2012, 7/20/2012, 8/3/2012, 8/17/2012, 8/31/2012, 9/14/2012, 9/28/2012, 10/12/2012, 10/26/2012, 11/9/2012, 11/23/2012, 12/7/2012, 12/21/2012, 1/4/2013, 1/18/2013, 2/1/2013, 2/15/2013, 3/1/2013, 3/15/2013, 3/29/2013, 4/12/2013, 4/26/2013, 5/10/2013, 5/24/2013, 6/7/2013, 6/21/2013, 7/5/2013 |
| 1 | $130.10 | 7/19/2013 |

PREPAYMENT: If you pay off the Loan early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

SECURITY INTEREST: If you have chosen the ACH Debit Authorization option, your ACH authorization is security for this loan.

See the Loan Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment penalties.

**Itemization of Amount Financed:** **$1,200.00**
**Amount given to you directly:** **$1,200.00**

**PROMISE TO PAY:** You promise to pay to the order of Lender or any registered assignee of this Agreement the principal sum of $1,200.00 plus interest from the date of this Loan at the rate of 279.9915% per year until this Loan is repaid in full. You promise to pay these amounts on the dates listed in the Payment Schedule above. You also promise to pay to us or to any subsequent holder of this Agreement any other fees provided for under this Agreement.

**PAYMENTS:** You promise to pay the amount of the Total of Payments shown above on or before the Payment Due Date. If you have chosen the ACH Debit Authorization option, you must make arrangements with us by 5:00 PM Eastern Time, on the business day prior to the Payment Due Date, so an authorized ACH entry is not initiated. If you choose to mail a payment, (i) all payments shall be mailed to PO Box 270, Box Elder, MT 59521, (ii) payment must reach this address by the Payment Due Date, and (iii) you should notify us prior to 5:00 PM Eastern Time the business day prior to Payment Due Date so an authorized ACH entry is not initiated prior to receipt of the payment. In addition, you agree that we cannot make and have not made the Loan contingent upon your obtaining any other product or service from us or anyone else. If you have chosen to receive your loan proceeds via check please mail your payments by the dates indicated within "When Payments Are Due" section of this Agreement to 93 Mack Road, Suite 600, PO Box 270, Box Elder, MT 59521.

**CALCULATION OF INTEREST AND PAYMENTS:** The interest charged hereunder is calculated using the simple interest method and has been computed upon the basis that you will pay all installments on the scheduled Payment Dates. Interest shall not be payable in advance or compounded.

**WHEN YOU BEGIN PAYING INTEREST:** You begin to pay us interest on the Loan on the date the proceeds of the Loan are deposited into your Bank Account, or, if you elect to receive Loan proceeds by check through the mail, the date we issue the check (the "Effective Date"). You will be charged interest on the unpaid amount of the Loan each day from the Effective Date until the Loan is paid in full. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the payment due date, you must pay any additional interest that accrues after such date. If any payment is made before the payment due date, the interest due will be reduced. The amount of this decrease or increase in interest due will be reflected in the final payment that is due. Time is of the essence, which means that there are no grace periods for when payments must be made. If any payment is due on a day on which your bank is not open, then such payment shall be due on the next day upon which your bank is open.

**VERIFICATION:** You authorize us to verify the information you provided to us in connection with your Loan application. You give us consent to obtain information about you from a consumer reporting agency or other sources. We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow us to verify the information you have provided to us.

**ACH AUTHORIZATION TO CREDIT BANK ACCOUNT:** Unless the proceeds of this Agreement are applied to any outstanding loan balance that you may owe to us, and you do not elect to receive the Loan proceeds by check through regular mail, you authorize us and our agents to initiate an Automated Clearing House ("ACH") credit entry to your Bank Account to disburse the proceeds of this Loan.

**ACH AUTHORIZATION TO DEBIT BANK ACCOUNT:** Unless you chose to mail to us a check or money order as payment for this Loan, you authorize us, and our agents, successors, employees, and registered assigns to withdraw

money from your Bank Account for each payment you owe us, including any returned payment charges and the total amount you owe if you do not pay us when you agreed in this Agreement. You agree we can withdraw money from your Bank Account (called an 'ACH debit entry') on each scheduled payment date shown on the Payment Schedule above. This right to withdraw money from your Bank Account will remain in full force until the earlier of the following occurs: (i) you pay us everything that you owe us under this Agreement or (ii) you tell us or the institution holding your Bank Account (the "Paying Bank") that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Plain Green, LLC, its affiliates, agents, employees, successors, and registered assigns.

**NOTICE OF VARYING AMOUNTS:** For those customers who have chosen the ACH Debit Authorization, please note that you have the right to receive notice of all withdrawals from your Bank Account by an ACH Debit that vary in amount. However, by agreeing to let us withdraw the money from your Bank Account, you agree we only have to tell you the range of withdrawals that we can make. The range of withdrawals will be either an amount equal to your installment payment or an amount equal to the outstanding balance under the Loan (which may be greater than or less than an installment payment based upon your payment history), plus a returned payment fee as specified below. For any withdrawal outside of this specified range, we will send you a notice. Therefore, by signing this Agreement below, you are choosing to only receive notice when a withdrawal exceeds the amount in the specified range. You authorize us to vary the amount of the amount of any withdrawal as needed to repay installments due on the Loan as modified by any partial prepayments you make.

**TERMINATING ACH DEBIT AUTHORIZATION:** For those customers who have chosen the ACH Debit Authorization, the ACH debit authorization will remain in full force and effect until the earlier of the following occurs: (i) you satisfy all of your payment obligations under this Agreement or (ii) you tell us or the Paying Bank that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. Terminating your ACH authorization does not relieve you of your obligation to pay your Loan in full.

**REMOTELY CREATED CHECK AUTHORIZATION:** If you terminate any previous ACH Debit Authorization you provided to us or we do not receive a payment by the Payment Due Date, you authorize us and our agents, successors and assigns to create and submit remotely created checks for payment to us in the amount of each payment owing under this Agreement, including any returned payment charges or other amounts owing to us upon acceleration of this Loan as a result of your Default. Your typed signature below shall constitute your authorization to us to authenticate remotely created checks, which are also known as demand drafts, telechecks, preauthorized drafts, or paper drafts. If you believe we charged your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of any preauthorized payment by remotely created check as needed to repay installments and any other payments due under this Agreement.

**PAYMENT BY CHECK OR MONEY ORDER:** You may pay each payment owing under this Agreement by check or money order.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. For questions, please call our customer service phone number: (866) 420-7157.

**PAYMENT APPLICATION:** Lender will apply your payments in the following order: (1) to any fees due, (2) to earned but unpaid interest, and (3) to principal amounts outstanding.

**SECURITY INTEREST DISCLOSURE:** To the extent that your agreement to have us withdraw money from your Bank Account is deemed a security interest under the law of the Chippewa Cree Tribe, you hereby grant to us a security interest in such withdrawal authorization using the ACH system.

**PREPAYMENT:** You may prepay all or part of the amount you owe us at any time without penalty. If you do so, you must pay the interest accrued on your Loan and all other amounts due up to the date of your payment.

**REFINANCE POLICY:** We, in our sole discretion, will determine whether your Loan may be refinanced.

**RETURNED PAYMENT FEE:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00. You authorize us and our agents to make a one-time withdrawal from your Bank Account to collect this fee, if you have also selected the ACH Debit Authorization. Your financial institution may also impose a fee.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each a "Default") if: (a) you provide false or misleading information about yourself, your employment, or your financial condition prior to entering into this Agreement, (b) if you fail to make a payment by the due date or if your payment is returned to us for any reason, or (c) if you file bankruptcy or become a debtor under the Federal Bankruptcy Laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us; (b) withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time, if you have selected the ACH Debit Authorization; and (c) pursue all legally available means to collect what you owe us. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then you further authorize us and our agents to withdraw money from your Bank Account in the full amount due under this Agreement, if you have selected the ACH Debit Authorization. By choosing any one of more of these, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get

back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment(s) and, if you fail to make those payment(s), we will consider you to be in Default.

**CREDIT REPORTING:** We may report information about your Loan to credit bureaus. Late payments, missed payments, or other things you do may be reflected on your credit report.

**RIGHT TO CANCEL:** YOU MAY CANCEL THIS LOAN, WITHOUT COST TO YOU OR FURTHER OBLIGATION TO US, BY TELEPHONING TOLL-FREE 866-420-7157 BY 5:30 P.M. EASTERN TIME ON THE FIRST BANKING DAY AFTER THE EFFECTIVE DATE. YOU CAN CANCEL ONLY IF YOU SEND US BACK THE MONEY FROM THE LOAN WE PUT IN YOUR BANK ACCOUNT, RETURN THE LOAN PROCEEDS CHECK MAILED TO YOU OR WE ARE ABLE TO WITHDRAW THE AMOUNT OF YOUR LOAN FROM YOUR BANK ACCOUNT.

**BORROWER'S BANK CHARGES:** You will not hold us or our agents responsible for any fees you must pay as a result of any check or withdrawal request being presented at your bank in connection with this Agreement.

**TRANSFER OF RIGHTS AND MAINTENANCE OF REGISTER:** We may assign or transfer this Agreement, or any of our rights hereunder, to another person or entity without notice or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to the laws and courts of the Chippewa-Cree Tribe. Plain Green, LLC, (the "Registrar") acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner and assignees, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. In addition to the foregoing, the Registrar shall include on the Register the names and addresses of those persons holding participation interests in the Loan of which it has notice. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

**WAIVER OF JURY TRIAL AND ARBITRATION.**

**RIGHT TO OPT OUT.** IF YOU DO NOT WISH YOUR ACCOUNT TO BE SUBJECT TO THIS AGREEMENT TO ARBITRATE, YOU MUST ADVISE US IN WRITING AT 93 MACK ROAD, SUITE 600, PO BOX 270, BOX ELDER, MT 59521 OR VIA E-MAIL AT SUPPORT@PLAINGREENLOANS.COM. YOU MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOU MUST GIVE WRITTEN NOTICE; IT IS NOT SUFFICIENT TO TELEPHONE US. WE MUST RECEIVE YOUR LETTER OR E-MAIL WITHIN SIXTY (60) DAYS AFTER THE DATE YOUR LOAN FUNDS OR YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE. IN THE EVENT YOU OPT OUT OF THIS AGREEMENT TO ARBITRATE, ANY DISPUTES HEREUNDER SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE CHIPPEWA CREE TRIBE AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF.

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** Unless you exercise your right to opt-out of arbitration in the manner described above, any dispute you have with Lender or anyone else under this Agreement will be resolved by binding arbitration. Arbitration replaces the right to go to court, including the right to have a jury, to engage in discovery (except as may be provided in the arbitration rules), and to participate in a class action or similar proceeding. In arbitration, a dispute is resolved by an arbitrator instead of a judge or jury. Arbitration procedures are simpler and more limited than court procedures. Any arbitration will be limited to addressing your dispute individually and will not be part of a class-wide or consolidated arbitration proceeding.

**Agreement to Arbitrate.** You agree that any Dispute (defined below) will be resolved by arbitration in accordance with Chippewa Cree tribal law.

**Arbitration Defined.** Arbitration is a means of having an independent third party resolve a Dispute. A "Dispute" is any controversy or claim between you and Lender, its marketing agent, collection agent, any subsequent holder of this Note, or any of their respective agents, affiliates, assigns, employees, officers, managers, members or shareholders (each considered a "Holder" for purposes of this Agreement). The term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present, or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise), and regardless of the type of relief sought (i.e. money, injunctive relief, or declaratory relief). A Dispute includes, by way of example and without limitation, any claim arising from, related to or based upon marketing or solicitations to obtain the loan and the handling or servicing of your account whether such Dispute is based on a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and including any issue concerning the validity, enforceability, or scope of this loan or the Agreement to Arbitrate.

You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

**Choice of Arbitrator.** Any party to a Dispute, including a Holder or its related third parties, may send the other party

written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org; JAMS (1-800-352-5267) http://www.jamsadr.com; or an arbitration organization agreed upon by you and the other parties to the Dispute. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Chippewa Cree Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any arbitration under this Agreement may be conducted either on tribal land or within thirty miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the Chippewa Cree's Tribes sovereign status or immunity, or (b) to allow for the application of any law other than the law of the Chippewa Cree Tribe.

**Cost of Arbitration.** We will pay the filing fee and any costs or fees charged by the arbitrator regardless of which party initiates the arbitration. Except where otherwise provided by the law of the Chippewa Cree Tribe, each party will be responsible for its own attorneys' fees and other expenses. Unless prohibited by law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

**Waiver of Jury Trial and Waiver of Ability to Participate in a Class Action.** YOU HEREBY AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL, TO HAVE A COURT DECIDE YOUR DISPUTE, AND YOU ARE WAIVING YOUR ABILITY TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, TO PARTICIPATE IN A CLASS ACTION LAWSUIT, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT WOULD BE AVAILABLE IN A LAWSUIT. The arbitrator has the ability to award all remedies available under the Chippewa Cree Tribe's tribal law, whether at law or in equity, to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving the individual Disputes between the parties. The validity, effect, and enforceability of this waiver of class action lawsuit and class-wide arbitration is to be determined solely by a court of competent jurisdiction located within the Chippewa Cree Tribe, and not by the arbitrator. If the court refuses to enforce the class-wide arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide arbitration, the parties agree that the Dispute will proceed in tribal court and will be decided by a tribal court judge, sitting without a jury, under applicable court rules and procedures and may be enforced by such court through any measures or reciprocity provisions available.

**Applicable Law and Judicial Review.** THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHIPPEWA CREE TRIBE. The arbitrator will apply the laws of the Chippewa Cree Tribe and the terms of this Agreement, including the Agreement to Arbitrate. The arbitrator must apply the terms of this Agreement to Arbitrate, including without limitation the waiver of class-wide arbitration. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. The arbitrator will make written findings and the arbitrator's award may be filed with the tribal court. The arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by the tribal court upon judicial review.

**Other Provisions.** This Agreement to Arbitrate will survive: (i) termination or changes in this Agreement, the Account, or the relationship between us concerning the Account; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of my Note, or any amounts owed on my account, to any other person or entity. This Agreement to Arbitrate benefits and is binding upon you, your respective heirs, successors and assigns. It also benefits and is binding upon us, our successors and assigns, and related third parties. The Agreement to Arbitrate continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. The Agreement to Arbitrate survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Agreement to Arbitrate is held invalid, the remainder shall remain in effect.

**GOVERNING LAW.** This Agreement and the Agreement to Arbitrate are governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Chippewa Cree Tribe. We do not have a presence in Montana or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States.

**TELEPHONE CALLS.** You hereby agree that in the event we need to contact you to discuss your account or the repayment of your Loan, we may call you at any number, including any cell phone number you have provided, and that we may leave an autodialed or prerecorded message or use other technology (including, but not limited to, SMS messaging or other text messaging) to contact or to communicate with you.

**VERIFICATION.** You authorize us to verify all of the information you have provided in obtaining approval of this Loan.

**This Agreement includes a Waiver of Jury Trial and Arbitration Provision that may be enforced by you and us.** By signing this Agreement you agree that it was filled in before you did so and that you have received a completed copy of it. **You further agree that you have read and understand all of the terms of this Agreement, including the part entitled "Waiver of Jury Trial and Arbitration Provision."**

***By electronically signing this Agreement*** you certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement, and you give us consent to obtain information about you from a consumer reporting agency or other sources. ***You acknowledge, represent and warrant that (a) you have read, understand, and agree to all of the terms and conditions of this Agreement, including the Disclosures and the Arbitration Agreement and Waiver of Jury Trial, (b) this Agreement contains all of***

***the terms of the agreement between you and us and that no representations or promises other than those contained in this Agreement have been made, (c) you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement, if you have selected the ACH Debit Authorization, (d) you are not a debtor under any proceeding in Bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, (e) this Agreement was filled in before you signed it, and (f) you have the ability to print or retain a completed copy of this Agreement. You further acknowledge that we may withhold funding of your Loan until we check to make sure all the information you gave us on your application is true and we decide whether you meet our requirements to receive the Loan.***

☒ By checking here you authorize us to verify all of the information that you have provided us, including past and/or current information. If there is any missing or erroneous information in or with your loan application regarding your Bank Account (including without limitation your bank, bank routing number, or account number), then you authorize us to verify and correct such information. You agree that your ACH Authorization is subject to our approving this Agreement.

**Please review and select one of these funding options:**

◉ **ELECTRONIC (as soon as the next business day):** By checking here, you authorize us to effect ACH debit and credit entries for this loan, you also agree to the ACH Authorizations set forth in this Agreement. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Plain Green, LLC, its affiliates, agents, employees, successors, and registered assigns. Check this box if you agree to the ACH Authorizations in this Agreement.

○ **POSTAL MAIL (up to 7 to 10 days):** By checking here, you request Loan proceeds be distributed to you by check and delivered by regular mail through the United States Postal System. If you elect to receive your proceeds by mail, you must also make your payments by mail. You should allow 7 to 10 days for delivery of the Loan proceeds, and be aware interest begins accruing on the date Lender issues the check for the Loan proceeds.

| By: Plain Green, LLC | Your Full Name: | Type 'I Agree': | Date: |
|---|---|---|---|
| Billi A. Morsette (signature) | [redacted] | *I Agree* | **5/25/2012** |

Billi Anne Raining Bird-Morsette, CEO

# EXHIBIT G

THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"

CONSUMER LOAN AGREEMENT
LOAN NUMBER: [redacted]

Great Plains Lending, LLC
Otoe-Missouria Indian Reservation
Red Rock, OK 74651

BORROWER'S INFORMATION:

---

**Lender: Great Plains Lending, LLC**

**Origination Date: 7/21/2012**
This is the date you signed and submitted this loan agreement to the lender.

**Effective Date: 7/24/2012**
The date you begin to pay interest on the loan.

**Final Payment Due Date:**
**1/4/2013**

**Borrower's Name:**
[redacted]

**Borrower's ID:**
[redacted]

**Borrower's Address:**
[redacted] Ave
[redacted], PA 19320

**Borrower's Bank and Account Number for ACH Transfers (the "Bank Account")**
[redacted] [redacted]

**This Loan Agreement (the "Agreement") is subject solely to the exclusive laws and jurisdiction of the Otoe-Missouria Tribe of Indians, a federally recognized Indian Tribe.** In this Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and "Lender" refer to **Great Plains Lending, LLC**, a lender authorized by the laws of the Otoe-Missouria Tribe. "Loan" means this consumer installment loan. By executing this Agreement, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Otoe-Missouria Tribe of Indians Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Agreement, its enforcement or interpretation.

TRUTH IN LENDING DISCLOSURES: The disclosures below are provided to you so that you may compare the cost of this loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the loan, or this Agreement.

---

TRUTH-IN-LENDING DISCLOSURES

| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. | **FINANCE CHARGE** The dollar amount the credit will cost you. | **Amount Financed** The amount of credit provided to you or on your behalf. | **Total of Payments** The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| **448.77%** | **$797.14** | **$600.00** | **$1,397.14** |

Your payment schedule (the "Payment Schedule") will be:

| Number of Payments | Amount of Payments | When Payments Are Due (each, a "Payment Due Date") |
|---|---|---|
| 11 | $116.44 | 8/3/2012, 8/17/2012, 8/31/2012, 9/14/2012, 9/28/2012, 10/12/2012, 10/26/2012, 11/9/2012, 11/23/2012, 12/7/2012, 12/21/2012 |
| 1 | $116.30 | 1/4/2013 |

PREPAYMENT: If you pay off the Loan early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

SECURITY INTEREST: If you have chosen the ACH Debit Authorization option, your ACH authorization is security for this loan.

See the Loan Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment penalties.

| **Itemization of Amount Financed:** | **$600.00** |
|---|---|
| **Amount given to you directly:** | **$600.00** |

**PROMISE TO PAY:** You promise to pay to the order of Lender or any registered assignee of this Agreement the principal sum of $600.00 plus interest from the date of this Loan at the rate of 450.0085% per year until this loan is repaid in full. You promise to pay these amounts on the dates listed in the Payment Schedule above. You also promise to pay to us or to any subsequent holder of this Agreement any other fees provided for under this Agreement.

**PAYMENTS:** You promise to pay the amount of the Total of Payments shown above on or before the Payment Due Date. If you have chosen the ACH Debit Authorization option, you must make arrangements with us by 5:00 PM Eastern Time, on the business day prior to the Payment Due Date, so an authorized ACH entry is not initiated. If you choose to mail a payment, (i) all payments shall be mailed to 2274 S. 1300 East, Suite G-15 #374, Salt Lake City, UT 84106 for forwarding to and receipt and processing on the Otoe-Missouria Indian reservation, (ii) payment must reach this address by the Payment Due Date, and (iii) you should notify us prior to 5:00 PM Eastern Time the business day prior to Payment Due Date so an authorized ACH entry is not initiated prior to receipt of the payment. In addition, you agree that we cannot make and have not made the Loan contingent upon your obtaining any other product or service from us or anyone else. If you have chosen to receive your loan proceeds via check please mail your payments by the dates indicated within "When Payments Are Due" section of this agreement to 2274 S. 1300 East, Suite G-15 #374, Salt Lake City, UT 84106 for forwarding to and receipt and processing on the Otoe-Missouria Indian reservation.

**CALCULATION OF INTEREST AND PAYMENTS:** The interest charged hereunder is calculated using the simple interest method and has been computed upon the basis that you will pay all installments on the scheduled Payment Dates. Interest shall not be payable in advance or compounded.

**WHEN YOU BEGIN PAYING INTEREST:** You begin to pay us interest on the Loan on the date the proceeds of the Loan are deposited into your Bank Account, or, if you elect to receive Loan proceeds by check through the mail, the date we issue the check (the "Effective Date"). You will be charged interest on the unpaid amount of the Loan each day from the Effective Date until the Loan is paid in full. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the payment due date, you must pay any additional interest that accrues after such date. If any payment is made before the payment due date, the interest due will be reduced. The amount of this decrease or increase in interest due will be reflected in the final payment that is due. Time is of the essence, which means that there are no grace periods for when payments must be made. If any payment is due on a day on which your bank is not open, then such payment shall be due on the next day upon which your bank is open.

**VERIFICATION:** You authorize us to verify the information you provided to us in connection with your Loan application. You give us consent to obtain information about you from a consumer reporting agency or other sources. We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow us to verify the information you have provided to us.

**ACH AUTHORIZATION TO CREDIT BANK ACCOUNT:** Unless the proceeds of this Agreement are applied to any outstanding loan balance that you may owe to us, and you do not elect to receive the Loan proceeds by check through regular mail, you authorize us and our agents to initiate an Automated Clearing House ("ACH") credit entry to your Bank Account to disburse the proceeds of this Loan.

**ACH AUTHORIZATION TO DEBIT BANK ACCOUNT:** Unless you chose to mail to us a check or money order as payment for this Loan, you authorize us, and our agents, successors, employees, and registered assigns to withdraw money from your Bank Account for each payment you owe us, including any returned payment charges and the total amount you owe if you do not pay us when you agreed in this Agreement. You agree we can withdraw money from your Bank Account (called an 'ACH debit entry') on each scheduled payment date shown on the Payment Schedule above. This right to withdraw money from your Bank Account will remain in full force until the earlier of the following occurs: (i) you pay us everything that you owe us under this Agreement or (ii) you tell us or the institution holding your Bank Account (the "Paying Bank") that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Great Plains, LLC, its affiliates, agents, employees, successors, and registered assigns.

**NOTICE OF VARYING AMOUNTS:** For those customers who have chosen the ACH Debit Authorization, please note that you have the right to receive notice of all withdrawals from your Bank Account by an ACH Debit that vary in amount. However, by agreeing to let us withdraw the money from your Bank Account, you agree we only have to tell you the range of withdrawals that we can make. The range of withdrawals will be either an amount equal to your installment payment or an amount equal to the outstanding balance under the Loan (which may be greater than or less than an installment payment based upon your payment history), plus a returned payment fee as specified below. For any withdrawal outside of this specified range, we will send you a notice. Therefore, by signing this Agreement below, you are choosing to only receive notice when a withdrawal exceeds the amount in the specified range. You authorize us to vary the amount of the amount of any withdrawal as needed to repay installments due on the Loan as modified by any partial prepayments you make.

**TERMINATING ACH DEBIT AUTHORIZATION:** For those customers who have chosen the ACH Debit Authorization, the ACH debit authorization will remain in full force and effect until the earlier of the following occurs: (i) you satisfy all of your payment obligations under this Agreement or (ii) you tell us or the Paying Bank that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. Terminating your ACH authorization does not relieve you of your obligation to pay your Loan in full.

**REMOTELY CREATED CHECK AUTHORIZATION:** If you terminate any previous ACH Debit Authorization you provided to us or we do not receive a payment by the Payment Due Date, you authorize us and our agents, successors and assigns to create and submit remotely-created checks for payment to us in the amount of each payment owing under this Agreement, including any returned payment charges or other amounts owing to us upon acceleration of this Loan as a result of your Default. Your typed signature below shall constitute your authorization to us to authenticate remotely created checks, which are also known as demand drafts, telechecks, preauthorized drafts, or paper drafts. If you believe we charged your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of any preauthorized payment by remotely created check as needed to repay installments and any other payments due under this Agreement.

**PAYMENT BY CHECK OR MONEY ORDER:** You may pay each payment owing under this Agreement by check or money order.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. For questions, please call our customer service phone number: (877) 836-1506.

**PAYMENT APPLICATION:** Lender will apply your payments in the following order: (1) to any fees due, (2) to earned but unpaid interest, and (3) to principal amounts outstanding.

**SECURITY INTEREST DISCLOSURE:** To the extent that your agreement to have us withdraw money from your Bank Account is deemed a security interest under the law of the Otoe-Missouria Tribe of Indians, you hereby grant, mortgage, assign, transfer, deliver, pledge, bargain, sell and convey to us a continuing security interest in such withdrawal authorization using the ACH system.

**PREPAYMENT:** You may prepay all or part of the amount you owe us at any time without penalty. If you do so, you must pay the interest accrued on your Loan and all other amounts due up to the date of your payment.

**REFINANCE POLICY:** We, in our sole discretion, will determine whether your Loan may be refinanced.

**RETURNED PAYMENT FEE:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00. You authorize us and our agents to make a one-time withdrawal from your Bank Account to collect this fee, if you have also selected the ACH Debit Authorization. Your financial institution may also impose a fee.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each, a "Default") if: (a) you provide false or misleading information about yourself, your employment or your financial condition prior to entering into this Agreement, (b) if you fail to make a payment by the due date or if your payment is returned to us for any reason, or (c) if you file bankruptcy or become a debtor under the Federal Bankruptcy Laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us; (b) withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time, if you have selected the ACH Debit Authorization; and (c) pursue all legally available means to collect what you owe us. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then you further authorize us and our agents to withdraw money from your Bank Account in the full amount due under this Agreement, if you have selected the ACH Debit Authorization. By choosing any one of more of these, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment (s) and, if you fail to make those payment(s), we will consider you to be in Default.

**CREDIT REPORTING:** We may report information about your Loan to credit bureaus. Late payments, missed payments, or other things you do may be reflected on your credit report.

**RIGHT TO CANCEL:** YOU MAY CANCEL THIS LOAN, WITHOUT COST TO YOU OR FURTHER OBLIGATION TO US, BY TELEPHONING TOLL-FREE 877-836-1506 BY 5:30 P.M. EASTERN TIME ON THE FIRST BANKING DAY AFTER THE EFFECTIVE DATE. YOU CAN CANCEL ONLY IF YOU SEND US BACK THE MONEY FROM THE LOAN WE PUT IN YOUR BANK ACCOUNT, RETURN THE LOAN PROCEEDS CHECK MAILED TO YOU OR WE ARE ABLE TO WITHDRAW THE AMOUNT OF YOUR LOAN FROM YOUR BANK ACCOUNT.

**BORROWER'S BANK CHARGES:** You will not hold us or our agents responsible for any fees you must pay as a result of any check or withdrawal request being presented at your bank in connection with this Agreement.

**TRANSFER OF RIGHTS AND MAINTENANCE OF REGISTER:** We may assign or transfer this Agreement, or any of our rights hereunder, to another person or entity without notice or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to the laws and courts of the Otoe-Missouria Tribe of Indians. Great Plains Lending, LLC, (the "Registrar") acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner and assignees, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. In addition to the foregoing, the Registrar shall include on the Register the names and addresses of those persons holding participation interests in the Loan of which it has notice. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

**WAIVER OF JURY TRIAL AND ARBITRATION.**

**RIGHT TO OPT OUT.** IF YOU DO NOT WISH YOUR ACCOUNT TO BE SUBJECT TO THIS AGREEMENT TO ARBITRATE, YOU MUST ADVISE US IN WRITING AT 2274 S. 1300 EAST, SUITE G-15 #374, SALT LAKE CITY, UT 84106 OR VIA E-MAIL AT SUPPORT@GREATPLAINSLENDING.COM. YOU MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOU MUST GIVE WRITTEN NOTICE; IT IS NOT SUFFICIENT TO TELEPHONE US. WE MUST RECEIVE YOUR LETTER OR E-MAIL WITHIN SIXTY (60) DAYS AFTER THE DATE YOUR LOAN FUNDS OR YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE. IN THE EVENT YOU OPT OUT OF THIS AGREEMENT TO ARBITRATE, ANY DISPUTES HEREUNDER SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE OTOE-MISSOURIA TRIBE OF INDIANS AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF.

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** UNLESS YOU EXERCISE YOUR RIGHT TO OPT-OUT OF ARBITRATION IN THE MANNER DESCRIBED ABOVE, ANY DISPUTE YOU HAVE WITH LENDER OR ANYONE ELSE UNDER THIS AGREEMENT

WILL BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO HAVE A JURY, TO ENGAGE IN DISCOVERY (EXCEPT AS MAY BE PROVIDED IN THE ARBITRATION RULES) AND TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES. ANY ARBITRATION WILL BE LIMITED TO ADDRESSING YOUR DISPUTE INDIVIDUALLY AND WILL NOT BE PART OF A CLASS-WIDE OR CONSOLIDATED ARBITRATION PROCEEDING.

**AGREEMENT TO ARBITRATE.** YOU AGREE THAT ANY DISPUTE (DEFINED BELOW) WILL BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THE LAW OF THE OTOE-MISSOURIA TRIBE OF INDIANS.

**Arbitration Defined.** Arbitration is a means of having an independent third party resolve a Dispute. A "Dispute" is any controversy or claim between you and Lender, its marketing agent, collection agent, any subsequent holder of this Note, or any of their respective agents, affiliates, assigns, employees, officers, managers, members or shareholders (each considered a "Holder" for purposes of this Agreement). The term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise), and regardless of the type of relief sought (i.e. money, injunctive relief or declaratory relief). A Dispute includes, by way of example and without limitation, any claim arising from, related to or based upon marketing or solicitations to obtain the loan and the handling or servicing of your account whether such Dispute is based on a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and including any issue concerning the validity, enforceability, or scope of this loan or the Agreement to Arbitrate.

You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

**Choice of Arbitrator.** Any party to a Dispute, including a Holder or its related third parties, may send the other party written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org; JAMS (1-800-352-5267) http://www.jamsadr.com; or an arbitration organization agreed upon by you and the other parties to the Dispute. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Otoe-Missouria Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any arbitration under this Agreement may be conducted either on tribal land or within thirty (30) miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the sovereign status or immunity of the Otoe-Missouria Tribe of Indians, or (b) to allow for the application of any law other than the law of the Otoe-Missouria Tribe of Indians.

**Cost of Arbitration.** We will pay the filing fee and any costs or fees charged by the arbitrator regardless of which party initiates the arbitration. Except where otherwise provided by the law of the Otoe-Missouria Tribe of Indians, each party will be responsible for its own attorneys' fees and other expenses. Unless prohibited by law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

**Waiver of Jury Trial and Waiver of Ability to Participate in a Class Action.** YOU HEREBY AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL, TO HAVE A COURT DECIDE YOUR DISPUTE, AND YOU ARE WAIVING YOUR ABILITY TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT WOULD BE AVAILABLE IN A LAWSUIT. The arbitrator has the ability to award all remedies available under the law of the Otoe-Missouria Tribe of Indians, whether at law or in equity, to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving the individual Disputes between the parties. The validity, effect and enforceability of this waiver of class action lawsuit and class-wide arbitration is to be determined solely by a court of competent jurisdiction located within the Otoe-Missouria Tribe of Indians, and not by the arbitrator. If the court refuses to enforce the class-wide arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide arbitration, the parties agree that the Dispute will proceed in tribal court and will be decided by a tribal court judge, sitting without a jury, under applicable court rules and procedures and may be enforced by such court through any measures or reciprocity provisions available.

**Applicable Law and Judicial Review.** THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE OTOE-MISSOURIA TRIBE OF INDIANS. The arbitrator will apply the laws of the Otoe-Missouria Tribe of Indians and the terms of this Agreement, including the Agreement to Arbitrate. The arbitrator must apply the terms of this Agreement to Arbitrate, including without limitation the waiver of class-wide arbitration. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. The arbitrator will make written findings and the arbitrator's award may be filed with the tribal court. The arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by the tribal court upon judicial review.

**Other Provisions.** This Agreement to Arbitrate will survive: (i) termination or changes in this Agreement, the Account, or the

relationship between us concerning the Account; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of my Note, or any amounts owed on my account, to any other person or entity. This Agreement to Arbitrate benefits and is binding upon you, your respective heirs, successors and assigns. It also benefits and is binding upon us, our successors and assigns, and related third parties. The Agreement to Arbitrate continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. The Agreement to Arbitrate survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Agreement to Arbitrate is held invalid, the remainder shall remain in effect.

**GOVERNING LAW.** This Agreement and the Agreement to Arbitrate are governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Otoe-Missouria Tribe of Indians. We do not have a presence in Oklahoma or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States.

**TELEPHONE CALLS.** You hereby agree that in the event we need to contact you to discuss your account or the repayment of your Loan, we may call you at any number, including any cell phone number you have provided, and that we may leave an autodialed or prerecorded message or use other technology (including, but not limited to, SMS messaging or other text messaging) to contact or to communicate with you.

**VERIFICATION.** You authorize us to verify all of the information you have provided in obtaining approval of this Loan.

**This Agreement includes a Waiver of Jury Trial and Arbitration Provision that may be enforced by you and us.** By signing this Agreement you agree that it was filled in before you did so and that you have received a completed copy of it. **You further agree that you have read and understand all of the terms of this Agreement, including the part entitled "Waiver of Jury Trial and Arbitration Provision."**

***By electronically signing this Agreement*** you certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement, and you give us consent to obtain information about you from a consumer reporting agency or other sources. ***You acknowledge, represent and warrant that: (a) you have read, understand, and agree to all of the terms and conditions of this Agreement, including the Disclosures and the Arbitration Agreement and Waiver of Jury Trial, (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than those contained in this Agreement have been made, (c) you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement, if you have selected the ACH Debit Authorization, (d) you are not a debtor under any proceeding in Bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, (e) this Agreement was filled in before you signed it, and (f) you have the ability to print or retain a completed copy of this Agreement. You further acknowledge that we may withhold funding of your loan until we check to make sure all the information you gave us on your application is true and we decide whether you meet our requirements to receive the Loan.***

☒ By checking here you authorize us to verify all of the information that you have provided us, including past and/or current information. If there is any missing or erroneous information in or with your loan application regarding your Bank Account (including, without limitation, your bank, bank routing number, and/or account number), then you authorize us to verify and correct such information. You agree that your ACH Authorization is subject to our approving this Agreement.

**Please review and select one of these funding options:**

◉ **ELECTRONIC (as soon as the next business day):** By checking here, you authorize us to effect ACH debit and credit entries for this loan, you also agree to the ACH Authorizations set forth in this Agreement. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Great Plains Lending, LLC, its affiliates, agents, employees, successors, and registered assigns. Check this box if you agree to the ACH Authorizations in this Agreement.

○ **POSTAL MAIL (up to 7 to 10 days):** By checking here, you request Loan proceeds be distributed to you by check and delivered by regular mail through the United States Postal System. If you elect to receive your proceeds by mail, you must also make your payments by mail. You should allow 7 to 10 days for delivery of the Loan proceeds, and be aware interest begins accruing on the date Lender issues the check for the Loan proceeds.

By: Great Plains Lending, LLC

| Your Full Name: | Type 'I Agree': | Date: |
|---|---|---|
| [redacted] | *I Agree* | **7/21/2012** |