# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, by Attorney General JOSH SHAPIRO, | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | No. 14-cv-7139 |
| THINK FINANCE, LLC, et al., | : : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**Joyner, J.**                                              **April 3, 2018**

     Before the Court are Defendants Think Finance, LLC (f/k/a Think Finance, Inc.), TC Loan Service LLC, Tailwind Marketing, LLC, TC Decision Sciences, LLC, and Financial U, LLC's (collectively, "Think Finance Defendants") Motion to Transfer Venue (Doc. No. 207), the Commonwealth's Response in Opposition thereto (Doc. No. 208), Defendant Rees' Joinder of the Think Finance Defendants' Motion to Transfer Venue (Doc. No. 212), the Think Finance Defendants' Reply in Support of their Motion to Transfer Venue (Doc. No. 213), and all other relevant material and notices that the parties have submitted (Doc. Nos. 219, 221, 222, 225, and 227). For the following reasons, the Motion is denied.

**I.  BACKGROUND**

     The allegations and proceedings are well known to the parties of this dispute.  We do not review them here.

Relevant to the instant decision, we note that on October 23, 2017, the Think Finance Defendants filed voluntary petitions for relief under chapter 11 of the United States Code before the United States Bankruptcy Court for the Northern District of Texas. After doing so, the Think Finance Defendants moved to transfer this case to the United States District Court for the Northern District of Texas, where they believe it will be transferred to the bankruptcy court overseeing their proceedings under chapter 11.

**II. DISCUSSION**

The Think Finance Defendants and Plaintiff, the Pennsylvania Office of Attorney General ("OAG"), disagree on what statute governs the transfer request in this case. The Think Finance Defendants argue that 28 U.S.C. Section 1412 applies, which provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. While, by its terms, the statute only applies to cases or proceedings "under title 11," courts have applied Section 1412 more broadly to "relating to" cases-i.e., to cases that have a conceivable effect on the estate being administered in bankruptcy. Toth v. Bodyonics, Ltd., No. 06-cv-1617, 2007 WL 792172, at *1-2 (E.D. Pa. Mar. 15, 2007) (citing Howard Brown Co. v. Reliance Ins. Co., 66 B.R. 480, 482 (E.D. Pa. 1986)). In response, the OAG argues for the application of the general

2

transfer statue, 28 U.S.C. Section 1404, which subsection (a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

To start, both Sections instruct us to analyze whether the transfer is in the "interest of justice." 28 U.S.C. §§ 1404(a), 1412. While the "interest of justice" is a fairly amorphous phrase, we generally consider the following factors under both Sections: "(1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the underlying claim arose elsewhere; (4) relative physical and financial conditions of the parties; (5) convenience of witnesses; (6) location of books and records; (7) enforceability of any judgment obtained; (8) practical considerations making trial easy, expeditious or inexpensive; (9) administrative difficulty arising from court congestion; (10) local interest in controversy; (11) public policies in each forum; and (12) familiarity of trial court with applicable law." Toth, 2007 WL 792172, at *2 (noting the considerations under Sections 1404 and 1412 are the same) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)); Marino v. Kent Line Int'l, 2002 WL 31618496, at *2 n.1 (E.D. Pa. Nov. 20, 2002) (same) (citing In re Emerson Radio Corp., 52 F.3d 50, 55 (3d Cir. 1995)).

Though both Sections may consider similar factors, the Think Finance Defendants insist that the main distinction between Sections 1404 and 1412 is that Section 1412 carries with it a presumption in favor of transferring the case to the district where bankruptcy proceedings are occurring. Krystal Cadillac-Oldsmobile-GMC Truck v. General Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999).

Two district courts have considered similar transfer requests in related litigation. Most recently, the Eastern District of Virginia transferred a class action brought by Virginia customers upon motion of Mr. Rees and GPL Servicing, Ltd. Gibbs v. Rees, No. 17-cv-386, 2018 WL 1460705, at *16 (E.D. Va. Mar. 23, 2018). Holding that Section 1412 applied to the transfer request, the court found that Mr. Rees' and GPL Servicing, Ltd.'s indemnification agreements with the Think Finance Defendants rendered the case "related to" the bankruptcy proceedings because the outcome could conceivably have an effect on the bankruptcy estates. Id. at *12-13. The court noted that the economic and efficient administration of the bankruptcy estate was the most important factor considered. Id. at *14. In doing so, the court recognized a presumption when applying Section 1412 in favor of trying cases "related to" a bankruptcy proceeding in the court where the bankruptcy proceedings are pending. Id.

4

A few months prior to the decision in Gibbs, the District of Montana denied a transfer request from the Think Finance Defendants in another related action brought by the Consumer Financial Protection Bureau for loans issued to Montana residents. CFPB v. Think Finance, LLC, No. 17-cv-127, 2018 WL 734661, at *5 (D. Mont. Feb. 2, 2018). Because the suit was brought by the Consumer Financial Protection Bureau, a federal agency, the court noted that the lawsuit carried the special designation of a "police and regulatory action" under the Bankruptcy Code. Id. at *2-3. The court noted that, as a police and regulatory action, the case was not subject to the automatic stay provision under 28 U.S.C. Section 362(b)(4). To the court, this exemption gave force to the underlying public policy that "police and regulatory actions present concerns more important than the goals of efficiency and maximizing the estate." Id. at *4 (internal quotation omitted). Ultimately, the court denied the transfer request under Section 1404, finding that the application of the presumption to transfer that Section 1412 carries "would contravene the public policy underlying the stay exception." Id. at *2-5.

First, we agree with Gibbs and follow this Court's precedent by applying Section 1412 to the Think Finance Defendants' transfer request. Toth, 2007 WL 792172, at *1-2. The outcome of this case clearly implicates the Think Finance Defendants' bankruptcy estates. As such, this case relates to the Think Finance

5

Defendants' bankruptcy proceedings, and we will therefore analyze their transfer request under Section 1412.

Second, we find that Section 1412's presumption of transfer does not apply to police and regulatory actions, such as this case. It is important to note that the presumption in favor of transfer under Section 1412 cannot be found in the statute. Rather, the presumption has developed throughout case law in which courts were not faced with the competing interest of affording due respect to police and regulatory actions. See e.g., Dearden v. FCA U.S. LLC, 2017 U.S. Dist. LEXIS 48751 (E.D. Pa. Mar. 31, 2017); Al's Family Auto. v. Bennett, No. 11-cv-6237, 2012 U.S. Dist. LEXIS 9353 (E.D. Pa. Jan. 25, 2012); Krystal Cadillac, 232 B.R. 622 (E.D. Pa. 1999).

Moreover, we agree with the court in CFPB that the public policy underlying the exception to the automatic stay "generates inherent tension with the public policy underlying the presumption of transfer in [Section] 1412." CFPB, 2018 WL 734661, at *3. Applying a presumption of transfer to police and regulatory actions would also conflict with the public policy underlying Congress' decision to exempt "a civil action by a governmental unit to enforce such governmental unit's police or regulatory power" from 28 U.S.C. Section 1452, which permits the removal of cases from state court that relate to bankruptcy proceedings in federal court. 28 U.S.C. § 1452(a). Simply put, Congress has favored the interest of permitting states' regulatory and police actions to

independently proceed over the interest in centering the administration of the defendant's related bankruptcy proceedings, see 28 U.S.C. Section 1452(a), or the interest in facilitating the most efficient adjudication for the defendant, see 11 U.S.C. Section 362(b)(4). We follow this preference by holding that, when analyzing a motion to transfer a police and regulatory action, Section 1412 does not carry a presumption in favor of transfer.

Lastly, in applying Section 1412, we find that the Think Finance Defendants have failed to carry their burden of demonstrating that transfer is proper. Of course, the burden is on the party seeking transfer under Section 1412 to show by a preponderance of evidence that transfer is in the interest of justice or for the convenience of the parties. Krystal Cadillac, 232 B.R. at 627-28; 28 U.S.C. § 1412. "Absent such a showing, the court will not disturb the choice of forum made by plaintiff, as it should be accorded great deference." Id. at 628.

Regarding the convenience of the parties, we find that both parties will be burdened equally whether we retain this case or transfer it to the Northern District of Texas. The OAG is located in Pennsylvania, and the Think Finance Defendants are resident in the Northern District of Texas. Either way, one side will be litigating on the road. Regarding whether transfer is in the interest of justice, the OAG alleges that the Think Finance Defendants violated Pennsylvania law–not Texas law–by issuing usury

7

loans to Pennsylvania consumers–not Texas consumers.  Of course, the consumer witnesses are located in Pennsylvania.  And given the volume of lending at issue, Pennsylvania has a significant interest in this litigation.  Finally, we find that the plaintiff's identity as the OAG, as an agency of the Commonwealth, weighs heavily in favor of allowing it to litigate within its own state.  Ultimately, we find that these factors outweigh those that would arguably lean in favor of transferring the case to the Northern District of Texas.

### III. CONCLUSION

For the following reasons, we deny the Think Finance Defendants' Motion to Transfer.