Case 2:14-cv-07139-JCJ Document 286-2 Filed 07/23/19 Page 1 of 12



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 22, 2019**

_____

**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| THINK FINANCE, LLC, *et al.*, | : | Chapter 11 |
| | : | |
| | : | Case No. 17-33964 (HDH) |
| Debtors. | : | |
| | : | (Jointly Administered) |
| _____ | : | |

**ORDER
GRANTING NATIONWIDE CONSUMER BORROWER CLASS'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Consumer Borrower Plaintiffs Stephanie Edwards, Patrick Inscho, Darlene Gibbs, Tamara

Price, Sherry Blackburn, George Hengle, Regina Nolte, Lawrence Mwethuku, Lula Williams,

India Banks, Jeri Brennan, JoAnn Griffiths, Alicia Patterson, Kimetra Brice, Jill Novorot, Earl

Browne, Jessica Gingras, Angela Given, Vanessa Granger, Lilya McAtee, and Beverly Kristina

Miller (collectively, "Plaintiffs" or "Nationwide Settlement Class Representatives"), have moved

Case 2:14-cv-07139-JCJ Document 286-2 Filed 07/23/19 Page 2 of 12

the Court unopposed for preliminary approval ("Preliminary Approval Motion") of a proposed

global nationwide class action settlement ("Settlement") among (a) Think Finance, LLC, and its

subsidiary debtors-in-possession (each a "Debtor," and collectively, the "Debtors") in the jointly

administered cases styled *In re Think Finance, LLC, et al.*, Case No. 17-33964 (the "Chapter 11

Cases"), which are pending in the United States Bankruptcy Court for the Northern District of

Texas (the "Bankruptcy Court"); (b) the Consenting Plaintiffs;[1] (c) the Official Committee of

Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee"); (d) the GPLS Secured

Parties;[2] and (e) certain other non-Debtor parties who are receiving releases in exchange for

making contributions to the Settlement (collectively, (a) through (d) are collectively the "Settling

Parties" and (e) are the "Consenting Stakeholders"), through a chapter 11 plan (the "Plan").

The terms and conditions of the Settlement are set forth in the Global Settlement and

Restructuring Term Sheet ("Term Sheet"), dated June 6, 2019, and attached as Exhibit 1 to

Plaintiffs' Preliminary Approval Motion. Upon review and consideration of Plaintiffs' Preliminary

Approval Motion, the Term Sheet, and the exhibits attached to the foregoing, it is HEREBY

ORDERED that:

1.      Unless otherwise specified, the definitions in the Term Sheet are hereby

incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings

attributed to them in the Term Sheet. However, all references to or descriptions of the Settlement

or Term Sheet are for reference purposes only, with the Term Sheet controlling in all respects.

2.      The Settlement, on the terms and conditions stated in the Term Sheet, is

---

[1] "Consenting Plaintiffs" means the Nationwide Class Representatives; the Commonwealth of Pennsylvania; and the Consumer Financial Protection Bureau ("CFPB").

[2] "GPLS Secured Parties" means, collectively, GPL Servicing, Ltd., GPL Servicing Agent, LLC, Victory Park Capital Advisors, LLC, and Victory Park Management, LLC, along with their respective current, former, and future Affiliates, principals, officers, and directors, including Scott Zemnick, Tom Welch, and Jeffrey Schneider.

Case 2:14-cv-07139-JCJ Document 286-2 Filed 07/23/19 Page 3 of 12

preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. In making this determination, the Court has considered the extensive prior proceedings before this Court involving the Settling Parties, the current posture of this litigation and the risks and benefits to the Settling Parties involved in both settlement of these claims and the continuation of the litigation, and finds that the Settlement was arrived at through arm's length negotiations, exchange of information by experienced counsel, and with the assistance of multiple in-person and telephonic mediations before the Hon. David R. Jones, Chief United States Bankruptcy Judge for the Southern District of Texas. The Court further finds that the Settlement provides for meaningful compensation and non-monetary relief relative to the merits of the Settling Parties' claims and defenses in that Members of the Nationwide Consumer Borrower Settlement Class will obtain substantial monetary relief, as well as important injunctive relief. The Settlement also has other key indicia of fairness in that significant discovery and litigation had been undertaken by the Settling Parties in the Chapter 11 Cases and the Pending Litigation, with the Debtors Claim Objection settling on the eve of trial.

**APPLICATION OF RULE 7023**
**TO THE AMENDED NATIONWIDE CLASS PROOF OF CLAIM**

3.      The Bankruptcy Court ruled on August 30, 2018 that Bankruptcy Rule 7023 applies to the class proofs of claims filed by the Virginia, Florida, and California Consumer Borrowers and the Vermont, North Carolina, and Nationwide Consumer Borrowers in the Chapter 11 Cases. (Dkt. 849.) For the same reasons set forth in that Order, the Court authorizes the amendment and consolidation of these proofs of claims into a single Amended and Consolidated Nationwide Class Claim (the "Amended Nationwide Class Claim"), attached to Plaintiffs Preliminary Approval Motion as Exhibit 3, and hereby applies Bankruptcy Rule 7023 to this claim and preliminarily

certifies the Nationwide Consumer Borrower Settlement Class for the purposes set forth below.

## CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

4.      For settlement purposes only and contingent upon Final Approval of the Settlement and confirmation of the Plan consistent with the Term Sheet, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met and provisionally certifies the following class for settlement purposes only ("Nationwide Consumer Borrower Settlement Class"):

> Any Person, including their successors and assigns and Persons holding or exercising any relevant legal rights of such Person, who received an Eligible Tribal Loan.

5.      For purposes of preliminary approval, the Court finds that the provisional certification of the Nationwide Consumer Borrower Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the Members of the Nationwide Consumer Borrower Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Nationwide Consumer Borrower Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Nationwide Consumer Borrower Settlement Class; and (4) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Nationwide Consumer Borrower Settlement Class Members and will continue to do so.

6.      For purposes of preliminary approval, the Court finds that the provisional certification of the Nationwide Consumer Borrower Settlement Class is warranted in light of the proposed Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues of law and fact predominate over any questions affecting only individual Members of the Nationwide Consumer Borrower Settlement Class, and settlement of the Amended Nationwide Class Claim on

Case 2:14-cv-07139-JCI Document 286-2 Filed 07/23/19 Page 5 of 12

a class basis is superior to other means of resolving the such claim.

7.      The Court also concludes that, because the Amended Nationwide Class Claim is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of any objection involving the Amended Nationwide Class Claim and the issues in these Chapter 11 Cases.

8.      The Court hereby appoints Plaintiffs Stephanie Edwards, Patrick Inscho, Darlene Gibbs, Tamara Price, Sherry Blackburn, George Hengle, Regina Nolte, Lawrence Mwethuku, Lula Williams, India Banks, Jeri Brennan, JoAnn Griffiths, Alicia Patterson, Kimetra Brice, Jill Novorot, Earl Browne, Jessica Gingras, Angela Given, Vanessa Granger, Lilya McAtee, and Beverly Kristina Miller as Nationwide Consumer Borrower Settlement Class Representatives. The Court preliminarily finds that the Nationwide Consumer Borrower Settlement Class Representatives will fairly and adequately protect the interests of the Nationwide Consumer Borrower Settlement Class because: (1) the interests of the Nationwide Consumer Borrower Settlement Class Representatives are consistent with those of the Nationwide Consumer Borrower Settlement Class Members; (2) there appear to be no conflicts between or among the Nationwide Consumer Borrower Settlement Class Representatives and the other Nationwide Consumer Borrower Settlement Class Members; (3) the Nationwide Consumer Borrower Settlement Class Representatives have been and appear to be capable of continuing to be active participants in the prosecution and settlement of this litigation; and (4) the Nationwide Consumer Borrower Settlement Class Representatives and the Nationwide Consumer Borrower Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases.

9.      In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Nationwide Consumer Borrower Settlement Class Members in individually

controlling the prosecution or defense of any individual proof of claim; (2) the impracticality or

inefficiency of prosecuting or defending separate proofs of claim; (3) the extent and nature of any

litigation concerning these claims already commenced; and (4) the desirability of concentrating

the litigation of the claims in a particular forum.

10. Nationwide Consumer Borrower Settlement Class Representatives are hereby

authorized to vote on behalf of the Nationwide Consumer Borrower Settlement Class to accept or

reject the Plan submitted in the Chapter 11 Cases.

11. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met and

the Court hereby appoints the following as Nationwide Class Counsel to represent the Nationwide

Consumer Borrower Settlement Class:

> Kristi C. Kelly, Andrew J. Guzzo, and Casey S. Nash
> Kelly Guzzo, PLC
> 3925 Chain Bridge Road, Suite 202
> Fairfax, VA 22030
> E-mail address: kkelly@kellyguzzo.com; aguzzo@kellyguzzo.com;
> casey@kellyguzzo.com
>
> Leonard A. Bennett, Craig C. Marchiando, and Elizabeth W. Hanes
> Consumer Litigation Associates, P.C.
> 763 J. Clyde Morris Blvd., Ste. 1-A
> Newport News, VA 23601
> E-mail address: lenbennett@clalegal.com; elizabeth@clalegal.com;
> craig@clalegal.co
>
> Anna C. Haac
> Tycko & Zavareei LLP
> 1828 L Street, N.W., Suite 1000
> Washington, DC 20036
> Attention: Anna C. Haac
> E-mail address: ahaac@tzlegal.com
>
> Michael S. Etkin
> Lowenstein Sandler LLP
> One Lowenstein Drive
> Roseland, New Jersey 97068
> E-mail address: metkin@lowenstein.com

For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Nationwide Class Counsel and have fairly and adequately represented the interests of the Nationwide Consumer Borrower Settlement Class for settlement purposes and will continue to do so.

## CLASS NOTICE AND SETTLEMENT ADMINISTRATION

12.     Since the Settlement is within the range of reasonableness and possible final approval, notice shall be provided to the Nationwide Consumer Borrower Settlement Class pursuant to the Term Sheet.

13.     The Court finds that the manner, method, and content of the notice specified in the Term Sheet and set forth in the Preliminary Approval Motion will provide the best notice practicable to Members of the Nationwide Consumer Borrower Settlement Class and satisfies the requirements of Rule 23 and due process requirements of the United States Constitution.

14.     The Court further hereby appoints RSM US LLP ("RSM") as the Class Administrator. As soon as reasonably practicable, and in no event later than July 26, 2019, the Class Administrator shall complete dissemination of the Class Notice to the Nationwide Consumer Borrower Settlement Class by mail and/or email in a form and content substantially similar to Exhibit 1 to the Declaration of Dr. Shannon R. Wheatman, attached to the Preliminary Approval Motion.

15.     The Class Administrator shall also be responsible for, without limitation, establishing three Settlement websites, as well as an automated toll-free telephone line, as a means for Nationwide Consumer Borrower Settlement Members to obtain notice of, and information about, the Settlement, as well as other related settlements and litigation.

16.     Funds from the Escrow Account shall be released as soon as practicable to advance and pay noticing and related expenses in connection with the Settlement.

Case 2:14-cv-07139-JCJ Document 286-2 Filed 07/23/19 Page 8 of 12

## EXCLUSIONS AND OBJECTIONS

17. Members of the Nationwide Consumer Borrower Settlement Class have until September 16, 2019 to return notice of their desire to opt out of the Nationwide Consumer Borrower Settlement Class.

18. Members of the Nationwide Consumer Borrower Settlement Class have until October 18, 2019 to object to the Settlement.

19. Any Member who wishes to exclude themselves or opt-out from the Nationwide Consumer Borrower Settlement Class must send his or her opt-out request in the manner and to the address provided in the Class Notice. In the written request for exclusion, the Nationwide Consumer Borrower Settlement Class Member must state his or her full name, address, and telephone number; must include a statement that he or she wishes to be excluded from or to opt-out of the Settlement; and must sign the request.

20. No Member of the Nationwide Consumer Borrower Settlement Class can opt out on behalf of anyone other than himself or herself and must sign any opt-out request on his or her own behalf.

21. The postmark date shall be the exclusive means to determine whether a request to opt out of the Settlement has been timely submitted. The Class Notice will advise Class Members of their right to request to opt out from the Nationwide Consumer Borrower Settlement Class. The Settlement Administrator shall provide copies of any opt-out requests to the Parties. The Court retains jurisdiction to resolve any disputed opt-out requests.

22. Any Member of the Nationwide Consumer Borrower Settlement Class who submits a valid and timely opt-out request will not be bound by the terms of the Settlement and shall relinquish their rights to benefits with respect to the Settlement, should it be finally approved, and may not file an objection to the Settlement or request for Service Awards.

Case 2:14-cv-07139-JCJ Document 286-2 Filed 07/23/19 Page 9 of 12

23.     Any Member of the Nationwide Consumer Borrower Settlement Class who does not submit a valid and timely opt-out request shall be bound by all the terms and provisions of the Settlement, including any Release set forth therein, the Final Approval Order, and the Final Judgment, whether or not such Member objected to the Settlement.

24.     Any Member of the Nationwide Consumer Borrower Settlement Class who does not opt out of the Settlement and who wishes to object to any aspect of the proposed Settlement or request for Service Awards must file a written objection signed by the Member with the Court by the October 18, 2019. Any such objection must be sent in the manner and to the address provided in the Class Notice. The Class Notice will advise Class Members of their right to object.

25.     For an objection to be considered by the Court, the objection must also set forth and include the following:

a.  the name of this Chapter 11 case and docket number;
b.  the Member's full name, address, email address, and telephone number;
c.  an explanation of the basis upon which the objector claims to be a Member of the Nationwide Consumer Borrower Settlement Class;
d.  the reasons for his or her objection, accompanied by any legal or factual support for the objection;
e.  the name of counsel for the objection (if any), including any former or current counsel who may seek compensation for any reason related to the objection;
f.  information about other objections the objector or his or her counsel have made in other class action cases in the last four (4) years; and
g.  whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel

26.     No Nationwide Consumer Borrower Settlement Class Member who objects to the Settlement or counsel retained by such a Member shall be entitled to be heard at the Final Fairness Hearing unless the Objector or his or her attorneys who intend to make an appearance at the Final Fairness Hearing state their intention to appear in the objection filed with the Court and counsel for any such Member enters his or her appearance with the Court by October 18, 2019.

Case 2:14-cv-07139-JG1 Document 286-2 Filed 07/23/19 Page 10 of 12

27.     Any Member of the Nationwide Consumer Borrower Settlement Class who fails to file and serve a valid and timely written objection in the manner specified in the Class Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, including but not limited to the compensation to Members of the Nationwide Consumer Borrower Settlement Class, the Service Awards, or the Final Judgment.

28.     A Member of the Nationwide Consumer Borrower Settlement Class may not both opt out of the Settlement and object. If a Nationwide Consumer Borrower Settlement Class Member submits both an opt-out request and an objection, the opt-out request will control.

## FINAL FAIRNESS HEARING

29.     A Final Fairness Hearing shall be held on November 6, 2019 at 9 o'clock a.m. in the courtroom of Judge Harlin D. Hale of the United States Bankruptcy Court for the Northern District of Texas, 1100 Commerce St., Dallas, TX 75242.

30.     The Final Fairness Hearing shall be held by the Bankruptcy Court, which will consider and determine: (1) whether the Settlement as set forth in the Term Sheet should be finally approved as fair, reasonable, and adequate; (2) whether any objections to the Settlement should be overruled; (3) whether the Service Awards to the Nationwide Class Representatives should be approved; and (4) whether a judgment finally approving the Settlement should be entered.

31.     The date of the Final Fairness Hearing may be continued by the Court without the necessity of further notice to the Nationwide Consumer Borrower Settlement Class.

## OTHER PROVISIONS

32.     In summary, the Court hereby orders the following schedule:

| Item | Due Date |
| --- | --- |
| | |

Case 2:14-cv-07139-JCJ Document 286-2 Filed 07/23/19 Page 11 of 12

| | |
|---|---|
| Debtors shall file an amended Plan and Disclosure Statement | If not already filed, 5 business days after entry of this Order |
| Class Administrator shall Complete Class Notice | July 26, 2019 |
| Deadline to Opt-Out of the Settlement | September 16, 2019 |
| Deadline to Object to the Settlement | October 18, 2019 |
| Final Fairness and Confirmation Hearings | November 6, 2019 |

33.     For the benefit of the Nationwide Consumer Borrower Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

34.     Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Nationwide Consumer Borrower Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Members of the Nationwide Consumer Borrower Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

35.     The Parties are directed to carry out their obligations under the Settlement and are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order, the Settlement or the Term Sheet, including making, without further approval of the Court, minor changes to the Term Sheet or to the form or content of the Class Notice that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Nationwide Consumer Borrower Settlement Class Members under the Settlement.

36.     In the event that the proposed Settlement is not finally approved by the Court, or

Case 2:14-cv-07139-JGJ Document 286-2 Filed 07/23/19 Page 12 of 12

the Effective Date of the Plan does not occur, or in the event that the Term Sheet becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection with the Term Sheet shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Term Sheet had never been executed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Preliminary Approval is **GRANTED**, as stated herein.

# # # END OF ORDER # # #