## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PA, by<br>Attorney General JOSH SHAPIRO | : | CIVIL ACTION |
| *Plaintiff* | : | NO. 14-cv-07139-JCJ |
| v. | : | |
| THINK FINANCE, INC., et al. | : | |
| *Defendants* | : | |

## STIPULATION OF SETTLEMENT BETWEEN PLAINTIFF COMMONWEALTH OF PENNSYLVANIA AND THE THINK FINANCE DEFENDANTS

AND NOW COME the Plaintiff Commonwealth of Pennsylvania, through Attorney

General Josh Shapiro ("the Commonwealth") AND Defendants Think Finance, Inc., TC Loan

Service, LLC, Tailwind Marketing, LLC, TC Decision Sciences, LLC and Financial U, LLC

(hereafter collectively referred to as "Think Finance" or "the Think Finance Defendants"),

having entered into a final settlement that they wish to be entered as a Judgment under Fed. R.

Civ. P. 54(b), hereby state as follows:

### Background

1. This civil enforcement action concerns high-interest rate, short-term loans made

to Pennsylvania citizens over the Internet. The Commonwealth has alleged that the actions of the

Think Finance Defendants with regard to these loan programs violated Pennsylvania and federal

law. More specifically, the Commonwealth alleged that the Think Finance, along with various

co-defendants, engaged in an illegal scheme, using first a bank and then three Native American

tribes to evade Pennsylvania's usury laws and victimize Pennsylvania consumers.

2.      The Think Finance Defendants deny any wrongdoing.  The Think Finance Defendants have always asserted that they were not lenders and did not collect any of the subject loans.  The Think Finance Defendants also believe the loans were legal, validly made, and complied with applicable law.

3.      On October 23, 2017, the Think Finance Defendants filed chapter 11 petitions in the Northern District of Texas. *See* the jointly administered cases styled *In re Think Finance, LLC, et al.*, Case No. 17-33964.

4.      On December 15 2017, the Bankruptcy Court entered an order granting the Commonwealth's motion seeking a determination that, pursuant to 11 U.S.C. § 362(b)(4), the automatic stay provided under 11 U.S.C. § 362 did *not* apply to the continuation of this action, up to and including the entry of a money judgment against the Think Finance debtors.

5.      On August 30, 2018, the Bankruptcy Court entered an order granting the motions of putative class counsel to apply Bankruptcy Rule 7023 to putative class claims.

6.      On July 1, 2019, the Bankruptcy Court entered an order granting the motion of the Think Finance Debtors, authorizing them to enter into a Term Sheet setting forth a global settlement of certain claims against the bankruptcy estates, including the claims of the Commonwealth and of a nationwide settlement class of consumers with claims similar to those the Commonwealth asserted in this action on behalf of Pennsylvania consumers (the "Nationwide Consumer Borrower Settlement Class").

7.      The settlement embodied by this Term Sheet was the result of a multi-party mediation in which the Commonwealth participated. Among other things, the Term Sheet provided for (a) payment to Pennsylvania consumers for a portion of the interest they paid on the loans at issue in this action, as part of a Nationwide Consumer Borrower Class Settlement; (b)

2

payment to the Commonwealth for a portion of the attorney fees and expenses incurred in this

action, characterized as a "substantial contribution" to the bankruptcy case, pursuant to 11 U.S.C.

§§ 503(b)(3)(D) and 503(b)(4); (c) a payment to the Commonwealth by the co-defendants

referred to as the Victory Park Capital Defendants, from funds referred to in the bankruptcy as

"the GPLS Escrow;" and (d) an agreement that certain injunctive relief would be entered against

Think Finance in this Court.

8.      As a result of the Term Sheet and the Plan (as defined below), among other

things, the Think Finance Defendants transferred certain business assets to new entities to be

wholly owned by TF Holdings, Inc. and referred to in the Plan as "the Reorganized Debtors."

9.      On December 5, 2019, the Bankruptcy Court entered an order confirming a

Chapter 11 Plan of Reorganization (the "Plan") that embodied the settlement in the Term Sheet.

10.     On December 6, the Bankruptcy Court entered an order approving on a final basis

a nationwide settlement of consumer claims on behalf of the Nationwide Consumer Borrower

Settlement Class, consistent with the Plan and the Term Sheet.

11.     As a result of the Plan and the Nationwide Consumer Borrower Class Settlement,

among other things, approximately 65,000 Pennsylvania consumers who entered into the high-

interest, short-term loans that were the subject of this action will receive distribution payments.

12.     The additional payments to be made directly to the Commonwealth pursuant to

the Plan have been paid.

13.     Section 4.14 of the Plan provides, among other things, as follows regarding

settlement of the claim of the Commonwealth:

> On, or as soon as reasonably practicable after, the Effective Date, the
> Pennsylvania AG shall seek and obtain all orders necessary to settle, with the
> entry of a Rule 54(b) separate final judgment, all claims in the Pennsylvania
> Litigation against the Debtors. The Debtors and the Pennsylvania AG agree that

3

one of such orders shall include injunction language that is substantively the same
as the Class Action Injunctive and Other Relief or as otherwise agreed by
the Pennsylvania AG and the Debtors, provided that such injunction language
shall only address conduct concerning Pennsylvania residents and shall not
address conduct concerning residents of other states or commonwealths.

Accordingly, the Commonwealth and the Think Finance Defendants, AGREE,

ACKNOWLEDGE and STIPULATE as follows:

### Settlement of Claims against the Think Finance Defendants

1. This agreement pertains to certain loans or cash advances made to Pennsylvania

   borrowers during the period 2009 to 2014 in the name of First Bank of Delaware, Plain

   Green, Great Plains Lending or Mobiloans. The loans will be collectively referred to as

   "Eligible Loans" and the four named lenders will be referred to as the "Lenders."

2. While denying that they committed any wrongdoing and denying that they own or were

   the lenders on any of the Eligible Loans, to the greatest extent permitted under applicable

   law and upon the agreement of the relevant Lenders or other owners of the loans, the

   Think Finance Defendants consent to the unpaid principal, interest and fees of the Loans

   to Pennsylvania borrowers who are members of the Nationwide Consumer Borrower

   Settlement Class being voided and adjusted to a zero balance.

3. The Think Finance Defendants deny that they committed any wrongdoing, deny that they

   own or were lenders on any of the Eligible Loans, and deny that they were a furnisher to

   any consumer reporting agencies for any Eligible Loans.  The Think Finance Defendants

   have been provided with documentation reflecting that Plain Green, Great Plains Lending

   and Mobiloans separately have agreed to the deletion of tradelines associated with the

   Eligible Loans.  The Think Finance Defendants have no interest in the issue and do not

   and will not object to a motion filed by a Pennsylvania consumer who is a member of the

4

Nationwide Consumer Borrower Settlement Class for the entry of an order requiring the deletion by any consumer reporting agency of any tradeline for Eligible Loans.

4. Following the Effective Date of the Plan, which occurred on December 7, 2019, the Think Finance Defendants will not be conducting any future business in Pennsylvania.

5. The Reorganized Debtors (i) shall not use the personally identifiable information ("PII") provided by Pennsylvania members of the Nationwide Consumer Borrower Settlement Class to the Tribal Lenders or to the Think Finance Defendants (a) to market to such members or (b) to assess the value of marketing to such members; and (ii) except as expressly contemplated by the Plan, shall not sell or transfer to any other Entity the PII provided by Pennsylvania members of the Nationwide Consumer Borrower Settlement Class to the Tribal Lenders or to the Think Finance Defendants for such Entity to use the PII to market to such members.

6. In consideration of the above injunctive relief and the other relief obtained by the Commonwealth as part of the Term Sheet and the Plan, the Commonwealth consents to a dismissal of this case with prejudice.

7. This Court shall maintain jurisdiction over the subject matter of this Stipulation of Settlement for the purpose of enforcing its terms; provided, that the Bankruptcy Court shall maintain exclusive jurisdiction over the subject matter of the Plan, including, without limitation, the releases set forth therein and the enforcement thereof.

5

JOSH SHAPIRO
Attorney General

SARAH A. E. FRASCH
Chief Deputy Attorney General

JOHN ABEL
Senior Deputy Attorney General

/s/ Saverio P. Mirarchi
SAVERIO P. MIRARCHI
Senior Deputy Attorney General

Commonwealth of Pennsylvania
Office of Attorney General
Bureau of Consumer Protection
1600 Arch St., Ste 300
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2414
Email: smirarchi@attorneygeneral.gov

/s/ Irv Ackelsberg
IRV ACKELSBERG
JOHN J. GROGAN
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Phone: (215) 320-5660
Email: iackelsberg@langergrogan.com
Special Counsel to the Commonwealth

/s/ Matthew Sheldon
MATTHEW SHELDON
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4027
MSheldon@goodwinlaw.com

/s/ Ira N. Richards
IRA NEIL RICHARDS
SCHNADER HARRISON SEGAL & LEWIS
LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: 215.751.2503
irichards@schnader.com

Attorneys for Think Finance Defendants

APPROVED AND SO ORDERED, this 5th day of February , 2020.

By the Court:

J. CURTIS JOYNER, S.J.

6