SAVERIO P. MIRARCHI
*Senior Deputy Attorney General*
PA Attorney I.D. #88616
Commonwealth of Pennsylvania
Office of Attorney General
Bureau of Consumer Protection
21 South 12th Street, 2nd Floor
Philadelphia, Pennsylvania 19107
Phone: (215) 560-2414
Fax: (215) 560-2494
Email: smirarchi@attorneygeneral.gov

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PA, by | : | CIVIL ACTION |
| Attorney General JOSH SHAPIRO | : | |
| | : | |
| *Plaintiff* | : | NO.  14-cv-07139-JCJ |
| | : | |
| v. | : | |
| | : | |
| THINK FINANCE, INC., et al. | : | |
| | : | |
| *Defendants* | : | |

## CONSENT PETITION FOR FINAL DECREE AS TO DEFENDANT
## NATIONAL CREDIT ADJUSTERS, LLC

**AND NOW**, comes the Commonwealth of Pennsylvania, acting by Attorney General

Josh Shapiro, through the Bureau of Consumer Protection (hereinafter the "Commonwealth"

and/or "Plaintiff"), to request that this Honorable Court enter an Order approving the terms of

this *Consent Petition for Final Decree as to Defendant National Credit Adjusters, LLC*

(hereinafter the "Consent Petition"), and states the following:

1

## OVERVIEW

**WHEREAS**, on November 13, 2014, the Commonwealth filed a Complaint in the above-captioned action (hereinafter the "Complaint") against Defendant National Credit Adjusters, LLC (hereinafter "NCA" and/or "Defendant" and/or collectively as one of the "Defendants"), among others, in the Court of Common Pleas of Philadelphia County, related to certain loans or cash advances made to Pennsylvania borrowers during the period 2009 to 2014 in the name of First Bank of Delaware, Plain Green, LLC (purporting to be an arm of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation), Great Plains Lending, LLC (purporting to be an arm of the Otoe-Missouria Tribe), and MobiLoans, LLC (purporting to be an arm of Tunica-Biloxi Tribe of Louisiana), the allegations of which are incorporated herein by reference;

**WHEREAS**, on or about December 17, 2014, the Commonwealth's Complaint was removed to the United States District Court for the Eastern District of Pennsylvania;

**WHEREAS**, on or about April 7, 2017, the Commonwealth filed the Second Amended Complaint against additional parties;

**WHEREAS,** the Second Amended Complaint alleges violations by Defendants of the Pennsylvania *Unfair Trade Practices and Consumer Protection Law,* 73 P.S. § 201-1, *et seq.* (hereinafter the "Consumer Protection Law"); the Pennsylvania *Corrupt Organizations Act*, 18 Pa. C.S.A. § 911, *et seq*. (hereinafter "Corrupt Organizations Act"); the Pennsylvania *Fair Credit Extension Uniformity Act*, 73 P.S. § 2270.1, *et seq*. (hereinafter "FCEUA");and the *Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010* (hereinafter "Dodd-Frank Act"), 12 U.S.C. § 5552(a).

**WHEREAS**, the Commonwealth contends that Defendant NCA has engaged in conduct in violation of the Consumer Protection Law; the Corrupt Organizations Act; and the FCEUA by

2

engaging in acts and practices more fully set forth in the Second Amended Complaint, which are incorporated herein by reference, including, but not limited to, the following:

1.      Engaging or aiding directly or indirectly in Collecting Debts allegedly owed by Consumers that are illegal in Pennsylvania;

2.      Collecting or attempting to Collect on loans or advances of credit that are unlawful in Pennsylvania, including interest, fees or charges in excess of the six-percent ceiling established by the Pennsylvania *Loan Interest and Protection Law*, 41 P.S. § 101, *et seq.* (hereinafter "LIPL");

3.      Failing to verify the nature and legal status of the Debts allegedly owed by Consumers prior to attempting to collect or collecting the Debts from Pennsylvania Consumers; and

4.      Misrepresenting that Consumers owed alleged Debts related to loans or advances of credit that are illegal in Pennsylvania;

**WHEREAS**, Defendant NCA denies the allegations made by the Commonwealth in the Second Amended Complaint and makes no admission as to its accuracy and incorporates herein the denials and defenses set forth in its August 25, 2017 Answer to the Second Amended Complaint;

**WHEREAS**, Defendant NCA voluntarily ceased active collection efforts on the consumer loans and cash advances that are the subject of this litigation in 2015;

**WHEREAS**, Defendant NCA is desirous of complying with the laws of the Commonwealth of Pennsylvania and the provisions of this Consent Petition, and have executed this Consent Petition with the intent that, upon approval of the United States District Court for

the Eastern District of Pennsylvania, its provisions shall constitute the provisions of a Final

Decree or Order of this Court with respect to the above-captioned matter;

**WHEREAS**, upon approval of the United States District Court for the Eastern District of

Pennsylvania, the Commonwealth and Defendant NCA intend and agree that this Consent

Petition constitutes a settlement of the pending above-captioned civil action as to Defendant

NCA, and the Commonwealth and Defendant NCA accept its terms as a settlement of this matter

in lieu of proceeding to trial.

<u>**DEFINITIONS**</u>

As used in this Consent Petition, the following terms shall be defined as follows:

**"Collect"** or **"Collection"** shall mean any procedure pursued by Defendant NCA,

whether directly, or indirectly through third parties, to obtain payments from Pennsylvania

Debtors or alleged Debtors, or to otherwise create a benefit to Defendant.  This definition shall

include, but not be limited to, any affirmative effort (for example, telephone calls, written

communications, or Collections Litigation), or any passive method (for example, reporting the

alleged Debt to a credit bureau and waiting until the alleged Debtor contacts Defendants or its

designated Collection agent) of collecting Debts from Pennsylvania Consumers who owe, or

allegedly owe, a Debt related to a Pennsylvania Account.

**"Collections Litigation"** means any activities by Defendant NCA, whether directly, or

indirectly through third parties or using judicial processes, arbitration, bankruptcy or probate

proceedings, to Collect or establish a Consumer's liability for a Debt.

**"Consumer(s)"** means any natural person currently residing within the Commonwealth

of Pennsylvania, and  residing within the Commonwealth of Pennsylvania when the Debt related

to a Pennsylvania Account was originated, who is obligated, or allegedly obligated, to pay any

Debt, as that term is defined in §1692(a)(3) of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1601, *et seq.* (hereinafter "FDCPA").

**"Consumer Account(s)"** means an account for a Debt related to a Pennsylvania Account owed by a Consumer that Defendant NCA acquired and owned as of December 17, 2014.

**"Consumer Reporting Agency"** means "consumer reporting agency" as defined in § 1681(a)(f) of the FDCPA.

**"Consumer Debt(s)"** or **"Debt(s)"** means any secured or unsecured obligation, or alleged obligation, of a Pennsylvania Consumer to pay money arising out of a Consumer Transaction.

**"Consumer Transaction(s)"** means a transaction involving a Pennsylvania Consumer seeking or acquiring real or personal property, services, future services, money or credit for personal, family or household purposes.

**"Debtor(s)"** means any Pennsylvania Consumer alleged to have either a secured or unsecured obligation to pay money arising out of a Consumer Transaction.

**"Defendant"** means National Credit Adjusters, LLC.

**"Law Firm(s)"** means all attorneys, in-house counsel, third party law firms and any other legal representatives retained by Defendant NCA, directly, or indirectly through a third-party entity, for the purpose of conducting Collections activity or Collections Litigation on Defendant's behalf, including potential litigation.

**"Loan Agreement(s)"** shall mean the written document or documents evidencing the current terms of the legal obligation between the Original Creditor and the Pennsylvania Consumer.

**"Original Consumer Debt(s)"** means the total of the Consumer Debt alleged to be owed to the Original Creditor, consisting of principal, interest, fees and any other charges.

**"Original Creditor(s)"** means the lender, Provider or other person or entity that originated the Consumer Debt or to whom a Pennsylvania Consumer originally was alleged to owe money pursuant to a Consumer Transaction.

**"Pennsylvania Account(s)"** means any account which includes any Consumer Debt where the Original Creditor is either Plain Green Loans, Great Plains Lending, Mobiloans, ThinkCash or First Bank of Delaware.

**"Principal"** means the unpaid balance of the funds borrowed, the credit utilized or the sales price of goods or services obtained arising from a Consumer Transaction, alleged to be owed to the Original Creditor.  It does not include interest, fees or charges added to the Debt or obligation by the Original Creditor or any subsequent assignees of the Consumer Debt.

**"Provider"** means any person who originates or provides a loan, advancement of credit or other service or future service to a Consumer.

**"Short-term Loan(s)"** means an unsecured advancement of a sum of money or credit that is scheduled to be re-paid within one (1) year.

**"Small-dollar Loan(s)"** means an unsecured advancement of a sum of money or credit in the amount or value of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) or less that is expected to be re-paid with interest.

<u>**SETTLEMENT TERMS**</u>

**NOW THEREFORE**, Defendant NCA agrees by the signing of this Consent Petition to recognize and be bound by any and all obligations, liabilities, responsibilities and encumbrances as set forth in this Consent Petition, and for good and valuable consideration, including the

agreement of the Commonwealth as stated herein, Defendant NCA agrees for itself, its successors, assigns, agents, employees, representatives, executors, administrators and all other persons acting on its behalf, directly or through any corporate or other device as follows:

I.  **The Recitals are incorporated herein and made part hereof.**

II.  **Injunctive and Affirmative Relief** – Defendant NCA is hereby enjoined and prohibited from:

    A.    Violating the Consumer Protection Law, and any amendments thereto, including, but not limited to, the following sections:

        1.    Section 201-2(4)(ii), which prohibits "causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services";

        2.    Section 201-2(4)(iii), which prohibits "causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another";

        3.    Section 201-2(4)(v), which prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have"; and

        4.    Section 201-2(4)(xxi), which prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding".

    B.    Violating the Corrupt Organizations Act, and any amendments thereto, including, but not limited to, the following section:

      1.      Section 911(b)(4), which prohibits any person from conspiring to violate §§ 911(b)(1) or 911(b)(3) of the Corrupt Organizations Act.

C.      Violating the FCEUA, and any amendments thereto, including, but not limited to, the following sections:

      1.      Section 2270.4(a), which prohibits violating any provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"); and

      2.      Section 2270.4(b)(6)(i), which prohibits using unfair or unconscionable means to collect or attempt to collect any debt, including, among other things, collecting any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

D.      Defendant NCA SHALL fully abide by the Consumer Protection Law, the Corrupt Organizations Act, and the FCEUA, including any amendments thereto.  Without limitation thereto, Defendant NCA agrees that:

      1.      Defendant NCA SHALL ensure that all Debts being acquired and all arrangements by which Defendant purchases and Collects Debts comply with applicable laws and regulations;

      2.      Defendant NCA SHALL, prior to or contemporaneous with the filing of this Consent Petition in the United States District Court for the Eastern District of Pennsylvania, submit to the Commonwealth the following:

      a.      an accounting or statement of any funds collected by Defendant NCA from any Pennsylvania Consumer alleged to have owed monies under a Pennsylvania Account;

b.      To the extent that the Commonwealth requires additional information regarding any Pennsylvania Account(s) to either (1) distribute settlement proceeds to Pennsylvania Consumers or (2) prosecute this litigation against any non-settling defendant, NCA shall cooperate with the Commonwealth and provide copies of non-privileged documents in Defendant NCA's possession;

c.      a written affidavit swearing to or attesting that neither NCA nor any Debt buyer affiliated with Defendant NCA has sold any Pennsylvania Consumer Debt related to loans originated by Plain Green Loans, Great Plains Lending, MobiLoans, ThinkCash or First Bank of Delaware since the filing of the above captioned suit;

3.      Defendant NCA SHALL:

a.      cancel all balances on and SHALL take no further action to Collect on Debts allegedly owed by Pennsylvania Consumers under Pennsylvania Accounts;

b.      notify each Pennsylvania Consumer Debtor alleged to have owed monies under a Pennsylvania Account that their balances have been cancelled by a written notice approved in advance by the Commonwealth; and

c.      submit written confirmation to the Commonwealth that each of the requirements in this Paragraph have been satisfied for each Consumer Debtor alleged to have owed monies under a Pennsylvania Account;

4.      Defendant NCA SHALL refrain from engaging in Collections on any Debts involving loans made over the internet by Non-bank lenders that violate Pennsylvania laws, including, but not limited to, Pennsylvania usury laws unless NCA

believes at the time they engage in Collections, based upon their legal due diligence review, including a diligent review of each account upon which NCA engages in Collections and representations made by the creditor or seller transferring such Debts to NCA, that the Collections upon such Debts complies with, to the extent applicable, the usury, licensing and Collections laws of the Commonwealth of Pennsylvania, including, but not limited to, the FCEUA as well as the FDCPA, which prohibit Collections on any interest charge, no matter how denominated, in excess of a 6% interest rate, on any unsecured consumer loan for any amount less than $50,000.00, see 41 P.S. § 201, unless that loan is made by a licensee under and in conformity with the Pennsylvania Consumer Discount Company Act, 7 P.S. §§ 6201-6219. *See Pennsylvania Dept. of Banking v. NCAS of Delaware, LLC*, 948 A.2d 752 (PA 2008). Notwithstanding the foregoing, this Section 4. Shall not apply if the usury and/or licensing laws of the Commonwealth of Pennsylvania are preempted by the federal laws of the United States of America or if the "valid-when-made doctrine" applies. The Commonwealth of Pennsylvania and NCA reserve their respective rights, arguments and defenses with respect to federal preemption, the "valid-when-made doctrine" and any potential challenges to the allocation of economic interests and Collection activities with the applicable consumer credit product or service offered or provided to Pennsylvania consumers that formed the basis of the Debts;

5.      Defendant NCA SHALL NOT sell, re-sell or assign Debt related to Pennsylvania Accounts  including, but limited to, those subject to the Nationwide Class Action Settlement Agreement and Chapter 11 Plan, approval of which is or was pending

in the United States Bankruptcy Court for the Northern District of Texas at Case Number 17-33964.

6.      Defendant NCA SHALL notify any relevant Consumer Reporting Agencies and request that they remove all negative information Defendant NCA provided to the agencies concerning Pennsylvania Accounts to the extent such information remains on the Pennsylvania Consumers' credit reports.

7.      Defendant NCA SHALL move to vacate any judgments that it obtained on any and all Pennsylvania Accounts.

8.      Defendant NCA SHALL direct the release of any pending garnishments, levies, liens, restraining notices or attachments relating to any judgments involving any Pennsylvania Account.

9.      If Defendant NCA receives payments involving any Pennsylvania Account from a Pennsylvania Consumer after the Effective Date of this Consent Petition, Defendant NCA shall return payments to the Consumer with a written notice approved in advance by the Commonwealth.

10.     No later than thirty (30) days after the Effective Date of this Consent Petition, Defendant NCA SHALL deliver a copy of this Consent Petition to (1) all of its current officers and directors and (2) third-party collection agencies and Law Firms that Collected on a Pennsylvania Account on behalf of NCA.

11.     Defendant NCA SHALL provide the Commonwealth of Pennsylvania, Office of Attorney General, Bureau of Consumer Protection with access to all non-privileged records and business documents related to its compliance with this Consent Petition upon written request including those maintained by Law Firms and other third

parties. NCA shall not be liable for non-production of records or business documents by a Law Firm or other third party if NCA demonstrates that it has made a request in writing to the Law Firm or other third party for the records or business documents.

**III.**   **Monetary Relief** – Defendant NCA hereby acknowledges and agrees that it shall pay and be liable for the payment of Eight Hundred Seventy-Eight Thousand Five Hundred Twenty-Three and 00/100 Dollars ($878,523.00), which amount consists of the following:

A.   **Civil penalties** – The amount of Two Hundred Seventy-Six Thousand Five Hundred Twenty-Three and 00/100 Dollars ($276,523.00) shall be allocated as civil penalties (hereinafter "Civil Penalties") pursuant to 73 P.S. § 201-8(b) of the Consumer Protection Law, and shall be paid by Defendant NCA to the Commonwealth of Pennsylvania, Office of Attorney General.

B.   **Public Protection and Education Purposes** – The amount of Six Hundred Two Thousand and 00/100 Dollars ($602,000.00) shall be allocated as costs of investigation and litigation (hereinafter "Costs") and shall be paid by Defendant NCA to the Commonwealth of Pennsylvania, Office of Attorney General, to be placed in an interest-bearing account from which both principal and interest shall be expended for public protection and education purposes.

C.   **Suspended Civil Penalties –** The amount of Two Hundred Seventy-Six Thousand Five Hundred Twenty-Three and 00/100 Dollars ($276,523.00) shall be suspended at this time.  This suspended amount consists of the Civil Penalties in Paragraph III.A., above, in the full amount of Two Hundred Seventy-Six Thousand Five Hundred Twenty-Three and 00/100 Dollars ($276,523.00).

D.   **Payment Terms** – Defendant NCA hereby acknowledges and agrees that judgment shall be entered and Defendant shall pay to the Commonwealth the amount of Six

Hundred Two Thousand and 00/100 Dollars ($602,000.00) (hereinafter "Monetary Judgment")

due and payable under Paragraph III herein above in accordance with the following:

      1.      Defendant NCA shall pay the sum of Fifty Thousand and 00/100 Dollars

($50,000.00) as an initial payment due not later than June 8, 2020;

      2.      Defendant NCA shall pay the remaining outstanding balance in twenty-

three (23) monthly installments, each in the amount of Twenty-Four Thousand and

00/100 Dollars ($24,000.00) per month, payment of which is due on the first day of the

month commencing on November 1, 2020, and continuing on the first day of each month

thereafter until the entire Monetary Judgment is paid in full; and

      3.      Any and all payments due and owing to the Commonwealth under this

Consent Petition shall be made by wire transfer, certified check, cashier's check,

attorney's check or money order made payable to the Commonwealth of Pennsylvania,

Office of Attorney General, and forwarded to the Bureau of Consumer Protection, 1600

Arch Street, Suite 300, Philadelphia, Pennsylvania 19103.

      4.      In the event that more than one (1) of the required monthly payments of

the Monetary Judgment referenced above are overdue and outstanding, regardless of

whether such failures to pay are for consecutive months, then the Commonwealth will

notify Defendant NCA in writing that it is in default of the required payment obligations

under this Consent Petition.  The Commonwealth will not be required to give such

written notice to anyone other than Defendant NCA, through its attorney identified

below, and such written notice need only be sent by regular first class U.S. mail, postage

prepaid addressed to:

                        Mark Fletchall
                        General Counsel

327 West 4th Avenue
Hutchinson, Kansas 67501

5.      Defendant NCA may notify the Commonwealth of a new address to send such written notice, however, the Commonwealth must be so informed by Defendant in writing via certified U.S. mail, return receipt requested at the Pennsylvania Office of Attorney General, Bureau of Consumer Protection, 1600 Arch Street, Suite 300, Philadelphia, Pennsylvania 19103 and Strawberry Square, 15th Floor, Harrisburg, Pennsylvania 17120.

6.      There will be no further requirements for the Commonwealth to notify Defendant NCA of a default regarding the payment obligations hereunder, and there will be no notice requirements whatsoever with regards to a default by Defendant which relate to any requirement under this Consent Petition other than the monthly payment requirements as specifically noted herein.

7.      Except as provided below, in the event of a default by Defendant NCA of any term, condition or requirement of this Consent Petition, including, but not limited to, Defendant's failure to pay the Monetary Judgment in accordance with the terms and conditions of this Consent Petition, Defendant NCA hereby acknowledges and agrees that the Commonwealth may seek an adjudication of Contempt of this Court's Order entering this Consent Petition as a Final Decree and may seek the entry of a judgment in the amount of the Monetary Judgment (less any amounts previously paid by Defendant NCA to the Commonwealth hereunder), and any additional penalties and/or equitable or other relief that may be appropriate.

14

a.      If the sole default by Defendant NCA is an overdue and outstanding payment described in Section III.D.4, then the Commonwealth may seek the remedies described above 30 days after the notice required by Section III.D.4 is provided if, and only if, a required monthly payment remains overdue and outstanding.

8.      Defendant NCA shall have the right to pre-pay the full amount or any portion of the amount due and outstanding without penalty.

E.      The Commonwealth and Defendant NCA further acknowledge that this Consent Petition is subject to and contingent upon this Consent Petition and the agreements contained herein, being approved by the United States District Court for the Eastern District of Pennsylvania.

## IV.   **Miscellaneous Terms**

A.      Time shall be of the essence with regards to Defendant NCA's obligations hereunder.

B.      Nothing in this Consent Petition shall prevent or restrict the use of this Consent Petition by the Commonwealth in any action against Defendant NCA for contempt or failure to comply with any provision of this Consent Petition, or in the event that Defendant is in default of any of the terms and conditions of this Consent Petition.  A default on the part of Defendant NCA shall include any default or breach by Defendant of any of the terms or requirements of this Consent Petition.  Nothing in this Consent Petition shall be construed to (i) exonerate any contempt or failure to comply with any of its provisions after the Effective Date; (ii) compromise or limit the Commonwealth's authority to initiate a proceeding for any contempt or other sanctions for failure to comply; or (iii) compromise the authority of the United States District

Court for the Eastern District of Pennsylvania or any other court of competent jurisdiction to punish as contempt any violation of this Consent Petition.  Further, nothing in this Consent Petition shall be construed to limit the authority of the Commonwealth to protect the interests of the Commonwealth or the people of the Commonwealth of Pennsylvania.

C.      The Effective Date of this Consent Petition shall mean the date the United States District Court for the Eastern District of Pennsylvania enters the terms of this Consent Petition as an order and decree of that Court.

D.      Any failure of the Commonwealth to exercise any of its rights under this Consent Petition shall not constitute a waiver of its rights hereunder.

E.      Prior to owning, managing and/or operating any business, other than business ongoing as of the Effective Date of this Consent Petition, in the Commonwealth of Pennsylvania, Defendant NCA shall give written notice to the Commonwealth through the Office of Attorney General, Bureau of Consumer Protection, Philadelphia Office, 1600 Arch Street, Suite 300, Philadelphia, Pennsylvania 19103, as to the location of such business and the purpose thereof.

F.      Defendant NCA agrees to execute and deliver all authorizations, documents and instruments which are necessary to carry out the terms and conditions of this Consent Petition, whether required prior to, contemporaneous with or subsequent to the Effective Date, as defined herein.

G.      Nothing contained in this Consent Petition shall be construed to waive or limit any right of action by any Consumer, person or entity or by any local, state, federal or other governmental entity.  However, NCA may assert in defense, or partial defense, of any claim related to the Pennsylvania Accounts, any funds provided to any Consumer by the Commonwealth pursuant to this Consent Petition or the Nationwide Class Action Settlement

16

Agreement and Chapter 11 Plan, approved in the United States Bankruptcy Court for the Northern District of Texas at Case Number 17-33964.

      H.     The Commonwealth and Defendant NCA hereby stipulate that the order of Court to be issued pursuant to this Consent Petition for Final Decree shall act as an injunction issued under Section 201-4 of the Consumer Protection Law, and, that, subject to the specific terms and conditions stated in this Consent Petition, breach of any of the terms of this Consent Petition or of the Order accompanying it shall be sufficient cause for the Commonwealth, by its Attorney General, to seek penalties as provided in Section 201-8 of the Consumer Protection Law or any other relief as the Court shall determine.

      I.     The United States District Court for the Eastern District of Pennsylvania shall maintain jurisdiction over the subject matter of this Consent Petition and over Defendant NCA for purpose of enforcement of this injunction, Consent Petition and/or the order accompanying it.

      J.     Defendant NCA understands that if it has made any false statement in this Consent Petition, that such statement is made pursuant to and under penalty of 18 P.S. § 4904 relating to unsworn falsifications to authorities.

      K.     This Consent Petition sets forth all of the promises, covenants, agreements, conditions and understandings between the parties, and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, express or implied. There are no representations, arrangements, or understandings, oral or written, between the Commonwealth and Defendant NCA relating to the subject matter of this Consent Petition that are not fully expressed herein or attached hereto.  The Commonwealth and Defendant NCA specifically warrant that this Consent Petition is executed without reliance upon any statement or representation by any other party hereto, except as expressly stated herein.

L.     This Consent Petition may be executed in any number of counterparts and by different signatories on separate counterparts, each of which shall constitute an original counterpart hereof and all of which together shall constitute one and the same document.  One or more counterparts of this Final Decree may be delivered by facsimile or electronic transmission with the intent that it or they shall constitute an original counterpart hereof.

M.     The parties to this Consent Petition acknowledge and agree that this Consent Petition does not release, resolve or in any way affect the Commonwealth's claims and/or causes of action against any Defendant in the above-captioned action, other than Defendant NCA, as specifically noted herein.

N.     In the event that any statute or regulation pertaining to the subject matter of this Consent Petition is modified, enacted, promulgated or interpreted by the Commonwealth of Pennsylvania or by the federal government or any federal agency, such that Defendant NCA contends the statute or regulation is in conflict with any provision of this Consent Petition and therefore that Defendant cannot comply with both the statute or regulation and the provision of this Consent Petition, Defendant SHALL provide advance written notice of at least thirty (30) days to the Commonwealth of Pennsylvania of the inconsistent provision of the statute or regulation with which Defendant intends to comply and of the counterpart provision of this Consent Petition that Defendant contends is in conflict with the statute or regulation.  If the Commonwealth of Pennsylvania disagrees, the Commonwealth shall, within thirty (30) days of receipt of Defendant NCA's notice, notify Defendant that the Commonwealth does not agree there is a conflict between the requirements of the Consent Petition and the newly enacted state or federal law.  If Defendant NCA disagrees with the Commonwealth's contention that there is no conflict, Defendant SHALL comply with the terms of the Consent Petition until such time as

18

Defendant obtains a court order modifying the Consent Petition.  Nothing in this Paragraph shall be deemed to relieve Defendant NCA from following any subsequently enacted law that is more restrictive than the provisions of this Consent Petition to the extent Defendant can adhere to both this Consent Petition and the provisions of Pennsylvania law.

O.   To seek a modification of this Consent Petition for any reason, Defendant NCA will send a request to the Commonwealth of Pennsylvania.  The Commonwealth will make a good-faith evaluation of the then-existing circumstances and Defendant NCA's request, and after collecting any information the Commonwealth deems necessary, make a prompt decision as to whether to agree to the modification of this Consent Petition.  In the event that the Commonwealth timely denies the modification request, Defendant NCA reserve all rights to pursue any legal or equitable remedies that may be available to it.

P.   Upon execution by the parties to this Consent Petition, the Commonwealth will discontinue the above-referenced litigation as to and against NCA with respect to the practices set forth herein through the Effective Date of this Consent Petition. No further action will be taken by the Commonwealth against NCA for the conduct set forth in the Second Amended Complaint provided NCA complies with the terms of the Consent Petition.

Q.   This Consent Petition and any dispute thereunder shall be governed by the laws of the Commonwealth of Pennsylvania without regard to any conflicts of laws principles.

## V.   **Term of Agreement**

The terms of Section II. of this Consent Petition (Injunctive and Affirmative Relief) shall remain binding upon NCA indefinitely.  The terms of Sections III. and IV. of this Consent Petition (Monetary Relief and Miscellaneous Terms, respectively), except as they relate to the

19

Injunctive and Affirmative Relief provisions of Section II., shall remain binding upon NCA for the longer of (1) three years or (2) NCA's satisfaction of its payment obligations in Section III.D.

**NOW THEREFORE**, without trial or adjudication of the facts or law herein among the parties to this Consent Petition, Defendant NCA agrees to the signing of this Consent Petition and to this Court's entry of a Final Decree or Order ordering that Defendant NCA shall be permanently enjoined from breaching any and all of the aforementioned provisions; and the parties agree that this Consent Petition resolves any and all civil claims under the Consumer Protection Law, the Corrupt Organizations Act, the FCEUA and the Dodd-Frank Act between the Commonwealth of Pennsylvania, by its Attorney General, through the Bureau of Consumer Protection and  Defendant NCA arising from the specific allegations in the aforementioned Second Amended Complaint, except for those rights expressly reserved herein by said parties to this action.

**WE HEREBY** consent to this *Consent Petition for Final Decree as to Defendant NCA* and submit the same to this Honorable Court for the making and entry of a Final Decree or Order of the Court on the dates indicated herein below.

**[Signatures on Following Page]**

**FOR THE PLAINTIFF:**

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
*Attorney General*

MICHELLE A. HENRY
*First Deputy Attorney General*

JAMES A. DONAHUE III
*Executive Deputy Attorney General*
Public Protection Division

SARAH A. E. FRASCH
*Chief Deputy Attorney General*
*Bureau of Consumer Protection*

JOHN M. ABEL
*Senior Deputy Attorney General*

Date: 6-12-20        By: _____

SAVERIO P. MIRARCHI
*Senior Deputy Attorney General*
PA Attorney I.D. #88616
Commonwealth of Pennsylvania
Office of Attorney General
Bureau of Consumer Protection
21 South 12th Street, 2nd Floor
Philadelphia, Pennsylvania 19107
Phone: (215) 560-2414
Fax: (215) 560-2494
Email: smirarchi@attorneygeneral.gov

**FOR THE DEFENDANT:**

NATIONAL CREDIT ADJUSTERS, LLC

Date: 6/1/2020        By: _____

Mark Pletchall
*General Counsel to NCA*

21