UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, by Attorney General JOSH SHAPIRO, | : CIVIL ACTION : : |
| *Plaintiff,* | : NO. 14-cv-07139-JCJ : |
| v. | : : |
| THINK FINANCE, INC., et al. | : : |
| *Defendants.* | : |

**STIPULATION OF SETTLEMENT AND CONSENT DECREE BETWEEN COMMONWEALTH OF PENNSYLVANIA AND DEFENDANT KENNETH E. REES**

AND NOW COMES the Plaintiff Commonwealth of Pennsylvania, Office of Attorney General, by Attorney General Josh Shapiro (the "Commonwealth" or "Plaintiff"), that filed a Second Amended Complaint in the United States District Court for the Eastern District of Pennsylvania (the "Court") on or about April 7, 2017 (the "Second Amended Complaint"), as captioned above, and Defendant Kenneth E. Rees ("Defendant Rees"). The Commonwealth and Defendant Rees hereby agree to consensually resolve this matter pursuant to this Stipulation with the expectation that, upon approval by the Court, will be entered as a Consent Decree.

**Recitals**

1. On or about April 7, 2017, the Commonwealth filed the Second Amended Complaint against, among others, (a) Think Finance, Inc. and certain of its subsidiaries ("Think Finance"), (b) Victory Park Capital Advisors, LLC, Victory Park Management, LLC, GPL Servicing, LTD., GPL Servicing Agent, LLC, GPL Servicing Trust, GPL Servicing Trust II, VPC/TF Trust I and Victory Park Credit Opportunities Master Fund, Ltd. (the "GPLS Defendants"), (c) National Credit Adjusters, and (d) Defendant Rees.

2. The allegations of the Second Amended Complaint are incorporated herein by reference for the sole purpose of background and not as any finding or adjudication of any facts or law. Defendant Rees disputes and denies the allegations in their entirety.

3. On October 23, 2017, Think Finance filed chapter 11 petitions in the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). *See* Case No. 17-33964 (HDH) (the "Chapter 11 Cases").

4. On December 5, 2019, the Bankruptcy Court entered that certain Findings of Fact and Conclusions of Law and Order Confirming the Second Modified First Amended Chapter 11 Plan of Reorganization of Think Finance, LLC and Its Subsidiary Debtors and Debtors in Possession [Doc. No. 1671 in the Chapter 11 Cases] (the "Confirmation Order"). The "Plan" (as defined in the Confirmation Order) shall be referred to herein as the "Chapter 11 Plan".

5. The Chapter 11 Plan sets forth the terms and conditions of a global settlement by and among Think Finance and its major creditor constituencies, including, among others, the Official Committee of Unsecured Creditors, a nationwide class of consumer claimants ("National Consumer Borrower Class"), the Commonwealth, and the GPLS Defendants.

6. The Chapter 11 Plan also provided, *inter alia*, for certain payments by the GPLS Defendants to the Commonwealth, an agreement between the Commonwealth and the GPLS Defendants to settle the Commonwealth's claims against the GPLS Defendants in this Court, and a classification of the GPLS Defendants as "Released Non-Debtor Parties."

7. Defendant Rees, in contrast, was named in the Chapter 11 Plan as a "Non-Released Party." However, on or about June 15, 2020, the Commonwealth, Rees, and other parties in the bankruptcy proceeding, including the National Consumer Borrower Class, entered into a Settlement Agreement and Mutual Release that included, *inter alia*, the terms of a settlement of the Commonwealth's claims against Rees in this Court.

8. The release and discharge of Defendant Rees by the Commonwealth provided for by the said Settlement Agreement and Mutual Release is conditioned on (1) the payment by Rees to the Commonwealth of $3,000,000.00 and (2) a "mutual agreement for appropriate injunctive relief to be filed as a consent decree in the Eastern District of Pennsylvania."

9. This Stipulation of Settlement and Consent Decree shall become fully enforceable and effective upon entry of the order approving it (the "Effective Date"), which order shall be substantially in the form attached hereto as Exhibit A (the "Order").

10. This Stipulation of Settlement and Consent Decree is intended for the purposes of resolving all claims, actions and allegations raised by the Commonwealth in the above-captioned action against Defendant Rees, as set forth in the Second Amended Complaint.

11. This Stipulation of Settlement and Consent Decree is not intended to function as, and shall not be construed or used as, an admission of any wrongdoing, liability, fact, fault, assertion, allegation or illegality by Defendant Rees, each of which is expressly denied by Defendant Rees. This Stipulation of Settlement and Consent Decree is entered into to resolve, settle and compromise disputed matters so as to avoid the cost, expense and effort associated with continuing the dispute.

12. Defendant Rees agrees by the signing of this Stipulation of Settlement and Consent Decree to recognize and be bound by the terms set forth herein.

13. For good and valuable consideration, including, without limitation, the release of Defendant Rees, Defendant Rees enters into this Stipulation of Settlement and Consent Decree and agrees to the entry of the Order.

14. The Parties have executed this Stipulation of Settlement and Consent Decree with the intent that, upon approval of the Court, the provisions of this Settlement Agreement shall constitute the provisions of the Order.

## SETTLEMENT TERMS

**NOW THEREFORE,** for good and valuable consideration, including, without limitation, the release of Defendant Rees, Defendant Rees agrees as follows:

15. Defendant Rees agrees that, for a period of nine (9) years after the Effective Date, he will not knowingly provide capital to a third-party used to originate consumer loans to Pennsylvania residents, be employed by a third party, or provide services to a third party, if the third-party (a) makes or offers a consumer credit product[1] to Pennsylvania consumers, or (b) brokers, markets, purchases a participation interest in, collects or services a consumer credit product made or offered to Pennsylvania consumers (such third-party being referred to hereafter as a "Provider to PA Consumers"), **unless**, in each case, Defendant Rees believes at the time of provision of capital to, or employment by, the third-party, based upon a third-party legal due diligence review, including a regulatory review of the applicable consumer credit product or service offered or provided to Pennsylvania consumers, and representations made by the Provider to PA Consumers to Defendant Rees, that such consumer credit product or service complies with, to the extent applicable, the usury and licensing laws of the Commonwealth of Pennsylvania, which prohibit any interest charge, no matter how denominated, in excess of a 6% interest rate, on any unsecured consumer loan for any amount less than $50,000.00, *see* 41 P.S. § 201, unless that loan is made by a licensee under and in conformity with the Consumer Discount Company Act, 7 P.S. §§ 6201-6219. *See Pennsylvania Dept. of Banking v. NCAS of Delaware, LLC*, 948 A.2d 752 (Pa 2008). Notwithstanding the foregoing, this prohibition shall not apply if the usury and/or licensing laws of the Commonwealth of Pennsylvania are preempted by the federal laws of the United States of America, or if the "valid-when-made doctrine" applies. Defendant Rees

---

[1] A "consumer credit product" is defined to be any unsecured loan or open end line of credit, made or offered to a Pennsylvania consumer primarily for personal use, which is not guaranteed, in whole or in part, by the federal government, and which is governed by Pennsylvania law. *See Pennsylvania Dept. of Banking v. NCAS of Delaware, LLC*, 948 A.2d 752 (Pa 2008).

and the Commonwealth reserve their respective rights, arguments, and defenses with respect to federal preemption, the "valid-when-made doctrine," and any potential challenges to the allocation of economic interests in connection with the applicable consumer credit product or service offered or provided to Pennsylvania consumers.

16. Defendant Rees agrees that any transaction document between Defendant Rees and a Provider to PA Consumers governing the knowing provision of capital used to originate consumer loans to Pennsylvania residents, employment, or provision of services described in Paragraph 15 above, which is executed within nine (9) years after the Effective Date, will include (a) a restriction, covenant, representation or warranty by such Provider to PA Consumers that the consumer credit product or service offered or provided to Pennsylvania consumers comply with, to the extent applicable (as described in Paragraph 15 above, and subject to the same exceptions, restrictions, and reservations of rights set forth therein), the usury and licensing laws of the Commonwealth of Pennsylvania, and (b) an obligation by such Provider to PA Consumers to cooperate with and assist Defendant Rees in connection with any request by Defendant Rees to perform a third-party regulatory review and due diligence with respect to such compliance. Defendant Rees will perform such regulatory review and due diligence at least once per full calendar year during the term of the transaction. If such regulatory review and due diligence finds that the consumer credit product or service offered or provided to Pennsylvania consumers does not comply with, to the extent applicable, the usury and/or licensing laws of the Commonwealth of Pennsylvania, subject to the exceptions, restrictions, and reservations of rights set forth in Paragraph 15 above, Defendant Rees will not thereafter provide any additional capital to such Provider to PA Consumers to fund such non-compliant activity.

17. Nothing herein shall preclude Defendant Rees from doing business in the Commonwealth of Pennsylvania pursuant to any current law or subsequently enacted,

promulgated, modified or interpreted federal or state statute having binding authority in Pennsylvania, including modifications to, or interpretations of, existing statutes. In the event that any statute, rule or regulation pertaining to the subject matter of this Settlement Agreement is subsequently enacted, promulgated, modified, or interpreted by a federal court having binding authority in Pennsylvania or a Pennsylvania state court, or any federal or Pennsylvania government, or any federal or Pennsylvania agency, or a court of competent jurisdiction whose decisions are binding in Pennsylvania, holds that such statute, rule or regulation is in conflict with any provision of this Settlement Agreement, Defendant Rees' compliance with such statute, rule or regulation and such action shall not constitute a violation of this Stipulation of Settlement and Consent Decree.

18. Upon the entry of the Order, the release and discharge of the Defendant Rees by the Commonwealth shall become fully enforceable and effective.

19. The parties agree that the Court shall retain jurisdiction over this action for the purposes of implementing this Settlement and Consent Decree. During the period in which the Court retains jurisdiction over this action, to the extent the Commonwealth believes facts exist that demonstrate that Rees is in violation of this Settlement or Consent Agreement or that Rees is knowingly engaging in a violation of the Pennsylvania statutory provisions listed in the Commonwealth's Second Amended Complaint, the Commonwealth shall have the ability to petition the Court, upon sufficient notice to Rees and an opportunity to be heard consistent with Due Process, for an injunction to prevent and restrain such conduct by Rees.

20. Rees will comply with the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Under no circumstances does Rees admit that he has engaged in, was about to engage in, is engaged in, or is about to engage in any act or practice declared unlawful under Section 3 of the Unfair Trade Practices and Consumer Protection Law.

21. Nothing in this Stipulation of Settlement and Consent Decree shall prevent or restrict its use by the Commonwealth in any action against Defendant Rees for contempt or failure to comply with any of the provisions herein, or in the event that Defendant Rees is in default of any of its terms and conditions. A default on the part of Defendant Rees shall include any default or breach by Defendant Rees of any of the terms or requirements of this Stipulation of Settlement and Consent Decree. Nothing herein shall be construed to (a) exonerate any contempt or failure to comply with any provision after the Effective Date, (b) compromise or limit the authority of the Commonwealth to initiate a proceeding for any contempt or other sanctions for a failure to comply or (c) compromise the authority of the United States District Court for the Eastern District of Pennsylvania or any other court of competent jurisdiction to punish as contempt any violation of this Stipulation of Settlement and Consent Decree.

22. Subject to the specific terms and conditions stated in this Stipulation of Settlement and Consent Decree, breach of any of terms shall be sufficient cause for the non-breaching party, to obtain any relief the Court shall deem appropriate, including but not limited to additional attorney's fees and costs.

23. Any failure of the Commonwealth to exercise any of its rights under this Stipulation and Settlement shall not constitute a waiver of its rights hereunder.

24. This Court shall maintain jurisdiction over the subject matter of this Stipulation of Settlement and Consent Decree and over Defendant Rees for the purpose of enforcing its terms.

25. Defendant Rees understands and acknowledges that any statement or representation he has made in this Stipulation of Settlement and Consent Decree is made pursuant to and under penalty of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

26. This Stipulation of Settlement and Consent Decree sets forth all of the promises, covenants, agreements, conditions and understandings between the Parties, and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, express or implied. There are no representations, arrangements, or understandings, oral or written, between the Parties relating to the subject matter of this Stipulation of Settlement and Consent Decree that are not fully expressed herein or attached hereto. Each party specifically warrants that it is being executed without reliance upon any statement or representation by any other party hereto, except as expressly stated herein.

27. This Stipulation of Settlement and Consent Decree may be executed in any number of counterparts and by different signatories on separate counterparts, each of which shall constitute an original counterpart hereof and all of which together shall constitute one and the same document. One or more counterparts of this Stipulation of Settlement and Consent Decree may be delivered by facsimile or electronic transmission with the intent that it or they shall constitute an original counterpart hereof.

28. Nothing in this Stipulation of Settlement and Consent Decree shall be construed to limit the authority of the Commonwealth to protect the interests of the Commonwealth or the people of the Commonwealth of Pennsylvania.

29. Defendant Rees shall not, directly or indirectly, form a separate entity or corporation for the purpose of engaging in acts prohibited by this Stipulation of Settlement and Consent Decree or for the purpose of circumventing it in any way.

30. This Stipulation of Settlement and Consent Decree does not constitute approval by the Commonwealth of Pennsylvania, Office of Attorney General, of any of Defendant Rees' products, marketing or business practices and Defendant Rees shall make no such representations to the contrary.

**NOW, THEREFORE,** the Commonwealth and Defendant Rees enter into the above set-forth Stipulation of Settlement and Consent Decree and STIPULATE to its submission to the Court for entry as an Order of the Court.

**WHEREFORE,** and intending to be legally bound, the Parties have hereto set their hands and seals.

[Signatures on following pages]

**FOR THE PLAINTIFF:**

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
*Attorney General*

MICHELLE A. HENRY
*First Deputy Attorney General*

JAMES A. DONAHUE III
*Executive Deputy Attorney General*
Public Protection Division

SARAH A. E. FRASCH
*Chief Deputy Attorney General*
Bureau of Consumer Protection

JOHN M. ABEL
*Senior Deputy Attorney General*

Date: 4/8/2021      By:   /s/ Sarah A. E. Frasch
SARAH A. E. FRASCH
*Chief Deputy Attorney General*
Director, Bureau of Consumer Protection
Commonwealth of Pennsylvania
Office of Attorney General
15th Floor Strawberry Square
Harrisburg, PA 17120
Phone: (215) 560-2414
Fax: (215) 560-2494
Email: sfrasch@attorneygeneral.gov

**FOR DEFENDANT KENNETH E. REES**

Date: April 7, 2021       By: *[signature]*

RICHARD L. SCHEFF
Armstrong Teasdale LLP
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA, 19103
Phone: (267) 780-2010
Email: rlscheff@atllp.com

Date: April 7, 2021       *[signature]*

KENNETH E. REES